UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -6  P 2: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| EMPLOYERS INSURANCE COMPANY | ) | CIVIL ACTION NO. |
| OF WAUSAU | ) | |
| Plaintiff, | ) | |
| v. | ) | **04 - 40127FDS** |
| | ) | RECEIPT # 404360 |
| IACCARINO & SON, INC., R.W. GRANGER | ) | AMOUNT $ 150.00 |
| & SONS, INC., and KMD MECHANICAL | ) | SUMMONS ISSUED 3 |
| CORPORATION | ) | LOCAL RULE 4.1 |
| Defendants. | ) | WAIVER FORM |
| | | MCF ISSUED |

BY DPTY. CLK. _____
DATE 7-6-04

**COMPLAINT AND JURY DEMAND**

## INTRODUCTION

1. Plaintiff Employers Insurance Company of Wausau ("Wausau") brings this action

pursuant to the provisions of Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.*, against the defendants

seeking a declaration of rights and obligations under a certain contract of insurance issued by

Wausau to the defendant Iaccarino & Son, Inc. ("Iaccarino"). Wausau specifically seeks a

declaration that: 1) it has no duty to defend and indemnify Iaccarino in the underlying civil action

encaptioned *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court

Civil Action No. WOCV2003-01021; and 2) it has no duty to defend and indemnify Iaccarino in the

underlying civil action encaptioned *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*,

Worcester Superior Court Civil Action No. WOCV2003-01659.

## THE PARTIES

2. Wausau is a corporation organized and existing under the laws of the State of Wisconsin,

having a principal place of business in Wausau, Wisconsin. Wausau is an insurance company

licensed to transact business and is transacting business in Massachusetts.

3. Iaccarino is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boylston, Massachusetts. Iaccarino is engaged in the construction industry as a millwork subcontractor.

4. R.W. Granger & Sons, Inc. ("Granger") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Shrewsbury, Massachusetts. Granger is engaged in the construction industry as a general contractor.

5. KMD Mechanical Corporation ("KMD") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Worcester, Massachusetts. KMD is engaged in the construction industry as a heating, ventilating and air conditioning subcontractor.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000.

7. Venue in this district under 28 U.S.C. § 1391(a) is proper as each of the defendants has its principal place of business in Worcester County, Massachusetts and because the events at issue in the underlying lawsuits occurred in this district.

## FACTS

### The Shrewsbury High School Project.

8. On or about May 16, 2000, Granger and the Town of Shrewsbury entered into a general contract for the construction of the Shrewsbury High School (the "School Project"). Under the general contract, Granger agreed to substantially complete the School Project by June 15, 2002.

9. Iaccarino was the millwork subcontractor on the School Project. Iaccarino's work on the

2

School Project consisted of the following:

a.  Providing approximately 12 laminate sheets that were installed by Granger on the columns of the auditorium using Granger's contact cement;

b. Preparing approximately 300 flat panels by attaching plastic laminate to particle board using a hot glue product, which Granger then installed onto the auditorium walls using "z" clips;

c. Preparing approximately 12 three dimensional acoustical panels by gluing laminate onto boxes, which Granger then installed on the walls of the auditorium; and

d. Preparing approximately 20 cloud acoustical panels for the auditorium ceiling by gluing laminate to backing, which Granger then installed.

10.  KMD was the heating, ventilating and air conditioning ("HVAC") subcontractor on the School Project.

**The Wausau CGL Policy.**

11.  Wausau issued a Commercial General Liability Policy to Iaccarino having Policy No. TBC-Z91-425443-022 for the policy period from January 28, 2002 to January 28, 2003 (the "CGL Policy").

**The Backcharges Action.**

12.  On or about May 23, 2003, Granger commenced the civil action encaptioned *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01021 (the "Backcharges Action").

13.  On or about July 30, 2003, Granger filed its First Amended Complaint in the Backcharges Action.  In its First Amended Complaint, Granger alleges that the Town assessed backcharges of $183,054.27 against Granger for project delays resulting from the School Project.

14.  Although Granger disputes the Town's allegations regarding the backcharges assessed

3

by the Town, Granger sued various subcontractors on the School Project, including Iaccarino, claiming that if the Town's allegations were true then those subcontractors breached their subcontracts. The only claim asserted against Iaccarino in the Backcharges Action is for breach of contract.

### Wausau's Disclaimer of Coverage for the Backcharges Action.

15. On or about March 22, 2004, Wausau wrote to Iaccarino and advised it that the CGL Policy did not provide coverage for Iaccarino for the Backcharges Action. In its March 22, 2004 disclaimer letter, Wausau stated that the only damages alleged in the Backcharges Action were for economic loss which does not constitute "property damage." Wausau further advised Iaccarino that exclusions k. (damage to your product exclusion) and m. (damage to impaired property or property not physically injured exclusion) also applied to bar coverage for Iaccarino for the Backcharges Action.

### The Defective HVAC System Action.

16. On or about August 22, 2003, Granger commenced the civil action encaptioned *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*, Worcester Superior Court Civil Action No. WOCV 2003-01659 (the "Defective HVAC System Action").

17. In its Complaint, Granger alleges that the HVAC system installed by KMD on the School Project did not function properly and that on or about December 4, 2002 the temperature in the School's auditorium rose to approximately 140 degrees Fahrenheit. Granger further alleges that this temperature spike resulted in damage to Iaccarino's work product itself – the millwork. In its Complaint, Granger asserts a claim for negligence and for breach of contract against Iaccarino. In its Complaint, Granger makes the following allegation:

14. As a result of Iaccarino's negligence and breach of subcontract,

4

the millwork suffered damage on or about December 4, 2002, in that Iaccarino, among other things, provided and installed insufficient glue to withstand the conditions in the auditorium.

## Wausau's Reservation of Rights in the Defective HVAC System Action.

18.  On or about October 30, 2003, Wausau advised Iaccarino that it would defend it in the Defective HVAC System Action under a reservation of rights under the CGL policy.

19.  In its reservation of rights letter, Wausau advised Iaccarino that it would withdraw from the defense if Wausau's investigation revealed that no "property damage" occurred or that exclusions k. (damage to your product exclusion) and l. (damage to your work exclusion) applied to bar coverage.

20.  It is now apparent that there is no coverage for Iaccarino for the Defective HVAC Action under the CGL policy.  Accordingly, Wausau now seeks a declaration that it has no obligation to defend or indemnify Iaccarino in the Defective HVAC Action.

21.  The Worcester Superior Court has consolidated the Backcharges Action and the Defective HVAC System Action.

22.  Wausau asserts that it has no obligation to defend or indemnify Iaccarino in either the Backcharges Action or the Defective HVAC System Action.

## COUNT I

### (Declaratory Judgment - No Duty to Defend - Backcharges Action)

23.  Wausau repeats and realleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.  Wausau has no duty to defend Iaccarino in the Backcharges Action.

25.  Wausau is entitled to a declaration that it has no duty to defend Iaccarino in the Backcharges Action because:

5

a. The only damages being sought by Granger in the Backcharges Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. The Backcharges Action does not involve an "occurrence";

c. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage;

e. Exclusion m. (damage to impaired property or property not physically injured exclusion) bars coverage; and

f. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count I declaring that Wausau has no duty to defend Iaccarino in the Backcharges Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT II

### (Declaratory Judgment - No Duty to Indemnify - Backcharges Action)

26. Wausau repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Wausau has no duty to indemnify Iaccarino in the Backcharges Action.

28. Wausau is entitled to a declaration that it has no duty to indemnify Iaccarino in the Backcharges Action because:

a. The only damages being sought by Granger in the Backcharges Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. The Backcharges Action does not involve an "occurrence";

c. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage;

e. Exclusion m. (damage to impaired property or property not physically injured exclusion) bars coverage; and

f. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count II declaring that Wausau has no duty to indemnify Iaccarino in the Backcharges Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT III

### (Declaratory Judgment - No Duty to Defend - Defective HVAC System Action)

29. Wausau repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Wausau has no duty to defend Iaccarino in the Defective HVAC System Action.

31. Wausau is entitled to a declaration that it has no duty to defend Iaccarino in the Defective HVAC System Action because:

a. The only damages being sought by Granger in the Defective HVAC System Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. Exclusion k. (damage to your product exclusion) bars coverage;

7

d. Exclusion l. (damage to your work exclusion) bars coverage; and

e. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count III declaring that Wausau has no duty to defend Iaccarino in the Defective HVAC System Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT IV

### (Declaratory Judgment - No Duty to Indemnify - Defective HVAC System Action)

32. Wausau repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Wausau has no duty to indemnify Iaccarino in the Defective HVAC System Action.

34. Wausau is entitled to a declaration that it has no duty to indemnify Iaccarino in the Defective HVAC System Action because:

a. The only damages being sought by Granger in the Defective HVAC System Action are for economic loss, which does not constitute "property damage"and which is not covered by the CGL Policy;

b. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage; and

e. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

8

a. Judgment be entered in favor of Wausau and against the defendants on Count IV declaring that Wausau has no duty to indemnify Iaccarino in the Defective HVAC System Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## JURY DEMAND

Wausau hereby demands a trial by jury on all issues so triable.

EMPLOYERS INSURANCE COMPANY OF WAUSAU
By its attorneys,


James E. Harvey, Jr./BBO #224920
James F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA 02109-4908
Tel: 617-357-5544
Fax: 617-204-3477

9

04-40127

℘JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Employers Insurance Company of Wausau

**DEFENDANTS**

Iaccarino & Son, Inc., R. W. Granger & Sons, Inc., and KMD Mechanical Corporation

**(b)** County of Residence of First Listed Plaintiff  MARATHON COUNTY, WISCONSIN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Worcester County, Mass
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James E. Harvey, Jr. and John F. Brosnan
O'Malley and Harvey, LLP, Two Oliver St.,
Boston, MA 02109-4908 (617) 357-5544

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

SEE ATTACHED

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  N/A
(See instructions):

JUDGE

DOCKET NUMBER

DATE  July 2, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**VI. CAUSE OF ACTION**

This is a declaratory judgment action under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, et seq., whereby plaintiff seeks a declaration that it has no duty to defend or indemnify Iaccarino & Son, Inc. in the underlying civil actions. Since the parties are diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Employers Insurance Company of Wausau v.
Iaccarino & Son, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
local rule 40.1(a)(1)).

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐      NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See
28 USC §2403)

YES ☐      NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐      NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐      NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

YES ☒      NO ☐

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐      Central Division ☒      Western Division ☐

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
agencies, residing in Massachusetts reside?

Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)      N/A

YES ☐      NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  James E. Harvey, Jr. and John F. Brosnan

ADDRESS  O'Malley and Harvey, LLP, Two Oliver Street, Boston, MA 02109-4908

TELEPHONE NO.  (617) 357-5544

(Coversheetlocal.wpd - 10/17/02)