UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-40127-FDS

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

        Plaintiff,

v.

IACCARINO & SONS, INC., R.W.
GRANGER & SONS, INC. and KMD
MECHANICAL CORPORATION

        Defendants.

**DEFENDANT R.W. GRANGER & SONS, INC.'S ANSWER TO COMPLAINT**

Defendant R.W. Granger & Sons, Inc. ("Granger"), through its undersigned counsel, by way of Answer to the Complaint of Plaintiff, Employers Insurance Company of Wausau ("Wausau"), states as follows:

**FIRST DEFENSE**

**INTRODUCTION**

1.    Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

**THE PARTIES**

2397101_1.DOC

2. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

3. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

4. Admitted.

5. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

## JURISDICTION AND VENUE

6. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

7. Admitted.

## FACTS

8. Granger admits the allegations contained in this paragraph to the extent that Granger, as general contractor, and the Town of Shrewsbury (the "Town"), as owner, entered into a contract (the "Contract"), pursuant to which Granger was to construct a construction project commonly referred to as the Shrewsbury High School Project (the "Project"); since the Contract is a contract,

such contract speaks for itself, and Granger leaves Wausau to its strict proofs thereon.

  9. Granger admits the allegations contained in this paragraph to the extent that Granger, as general contractor, and Iaccarino & Sons, Inc. ("Iaccarino"), as subcontractor, entered into a subcontract (the "Iaccarino Subcontract"), pursuant to which Iaccarino was to provide certain millwork for the Project; since the Iaccarino Subcontract is a contract, such contract speaks for itself, and Granger leaves Wausau to its strict proofs thereon.

  10. Granger admits the allegations contained in this paragraph to the extent that Granger, as general contractor, and KMD Mechanical Corporation ("KMD"), as subcontractor, entered into a subcontract (the "KMD Subcontract"), pursuant to which KMD was to provide and install certain heating, ventilation and air conditioning systems for the Project; since the KMD Subcontract is a contract, such contract speaks for itself, and Granger leaves Wausau to its strict proofs thereon.

  11. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

  12. Admitted.

  13. Admitted; answering further, since the Complaint speaks for itself, Granger leaves Wausau to its strict proofs thereon.

14. Admitted; answering further, since the Complaint speaks for itself, Granger leaves Wausau to its strict proofs thereon.

15. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

16. Admitted.

17. Admitted; answering further, since the Complaint speaks for itself, Granger leaves Wausau to its strict proofs thereon.

18. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

19. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

20. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

21. Admitted.

22. Granger lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

## COUNT I
**(Declaratory Judgment – No Duty To Defend – Backcharges Action)**

23. Granger incorporates by reference its Answers to the allegations contained in paragraphs 1 through 22 as if set forth in full herein.

24. Denied.

25. Denied.

## COUNT II
### (Declaratory Judgment – No Duty To Indemnify – Backcharges Action)

26. Granger incorporates by reference its Answers to the allegations contained in paragraphs 1 through 25 as if set forth in full herein.

27. Denied.

28. Denied.

## COUNT III
### (Declaratory Judgment – No Duty To Defend – Defective HVAC System Action)

29. Granger incorporates by reference its Answers to the allegations contained in paragraphs 1 through 28 as if set forth in full herein

30. Denied.

31. Denied.

## COUNT IV
### (Declaratory Judgment – No Duty To Indemnify – Defective HVAC System Action)

32. Granger incorporates by reference its Answers to the allegations contained in paragraphs 1 through 31 as if set forth in full herein.

33. Denied.

34. Denied.

WHEREFORE, Granger prays that the Court grant judgment in its favor on Count I, II, III, and IV of the Complaint, awarding it attorneys' fees, costs and such other and further relief as this Court deems just and appropriate.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Wausau's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Wausau's claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

Wausau's claims are barred by the doctrine of release.

### SIXTH DEFENSE

Wausau's claims are barred by the doctrine of waiver.

### SEVENTH DEFENSE

Wausau's claims are barred because Wausau has failed to satisfy conditions precedent.

WHEREFORE, Granger prays that the Court grant judgment in its favor on Count I, II, III, and IV of the Complaint, awarding it attorneys' fees, costs and such other and further relief as this Court deems just and appropriate.

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _____
Robert V. Lizza (BBO #302410)
John W. DiNicola, II (BBO #629618)
10 St. James Avenue
Boston, MA 02116
Tel. (617) 523-2700

Date: November 30, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of November, 2004, I served a copy of Granger's Answer to the Complaint by first class mail, postage pre-paid, upon:

James E. Harvey, Jr., Esquire
James F. Brosnan, Esquire
O'Malley and Harvey, LLP
Two Oliver Street, 9th Floor
Boston, MA 02109-4908
(617) 357-5544
Attorneys for Plaintiff

Thomas J. Conte, Esquire
Bowditch & Dewey LLP
P.O. Box 15156
311 Main Street
Worcester, MA 01615-0156
Attorneys for Iaccarino & Sons, Inc.

David Dlott, Esquire
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
Attorneys for KMD Mechanical Corporation

_____
John W. DiNicola, II

# 2397101_v1