UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127-FDS

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | ) ) ) |
| Plaintiff | ) |
| v. | ) ) |
| IACCARINO & SON, INC., R.W. GRANGER & SONS, INC., and KMD MECHANICAL CORPORATION, | ) ) ) ) ) |
| Defendants | ) |

### DEFENDANT IACCARINO & SON, INC.'S
### MOTION TO STAY AND REQUEST FOR HEARING

Defendant Iaccarino & Son, Inc. ("Iaccarino") moves this court to stay this action. In support of this motion, Iaccarino states that this is a diversity action brought pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, et seq.) by Iaccarino's commercial general liability insurer, Employers Insurance of Wausau ("Wausau"), seeking a declaration that it has no duty to defend or indemnify Iaccarino in connection with two actions asserted against it in the Worcester Superior Court.

The Declaratory Judgment Act is merely an enabling act which confers the discretion on the federal courts to hear and render declaratory judgments, rather than providing litigants with an absolute right to litigate such claims in the federal courts. See, e.g., Wilton v. Seven Falls Company, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The First Circuit has indicated that the court should exercise its discretion to decide declaratory judgment actions only after considering the totality of the circumstances. See El Dia, Inc. v. Hernandez Colon, 963

F.2d 488, 494 (1st Cir. 1992). See also Atlas Copco Construction Tools v. Allied Construction Products, LLC, 307 F.Supp.2d 228, 232 (D.Mass. 2004). The totality of the circumstances make it appropriate for the Court to exercise its discretion to refrain from hearing this declaratory judgment action and staying it in favor of the pending Massachusetts state court actions R.W. Granger & Sons, Inc. v. Town of Shrewsbury, Iaccarino & Sons, Inc., Baron Industries, Inc., Bass Associates, Island International Industries, Inc., KMD Mechanical Corporation, Coughlin Electric Contractors, Inc., Bononmo Tile Co., Inc., Prudential Door & Window Co., Inc., Dave Gardener Contracting & Supply, Emanouil Brothers, Inc. and KDK Enterprises, Inc., Worcester Superior Court Civil Action No. 03-01021-A, and R.W Granger & Sons, Inc. v. KMD Mechanical Corp. and Iaccarino & Sons, Inc., Worcester Superior Court Civil Action Number 03-01659-C (the "Massachusetts Consolidated Actions"). This is so because this action presents solely state law issues, because the factual issues on which Wausau's duty to defend and indemnify must be determined in the Massachusetts Consolidated Actions, because judicial economy would be promoted and piecemeal litigation avoided by the Court refraining from hearing this matter, and because staying this action will permit the plaintiff in the Massachusetts Consolidated Action to litigate its liability claims against all defendants in a single proceeding in the forum of its choosing.

  In further support of this motion, Iaccarino relies on the Memorandum of Law and the Affidavit of James P. Hoban filed herewith.

  Iaccarino respectfully requests that this Court enter an Order staying this action pending further Order of this Court and grant such other relief as the Court deems just and appropriate.

## REQUEST FOR ORAL ARGUMENT

IACCARINO & SON, INC.
By its attorneys,

_____
Thomas J. Conte (BBO # 566092)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date:  December 10, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), I, James P. Hoban, counsel for defendant, Iaccarino & Son, Inc., hereby certify that I conferred with John Brosnan, counsel for plaintiff, Employers Insurance of Wausau, on Friday, December 10, 2004, by telephone in an attempt in good faith to resolve or narrow the issues which are the subject of this motion; however, no agreement was reached. I also conferred with Gerald T. Donnelly, counsel for defendant, KMD Mechanical Corp., and he assented to allowance of this motion. I attempted to confer with John DiNicola, counsel for defendant, R.W. Granger & Sons, Inc., and left a voicemail message concerning the substance of this motion; however, I received no response.

_____
James P. Hoban