UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127-FDS

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | ) ) ) |
| Plaintiff | ) |
| v. | ) ) |
| IACCARINO & SON, INC., R.W. GRANGER & SONS, INC., and KMD MECHANICAL CORPORATION, | ) ) ) ) |
| Defendants | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

## INTRODUCTION

This is a diversity action initiated by Wausau ("Wausau") pursuant to the Declaratory

Judgment Act seeking a declaration that it has no duty to defend and indemnify its insured,

Iaccarino & Son, Inc. ("Iaccarino"), in connection with two average-track actions currently

pending in the Worcester Superior Court arising out of a construction project at the Shrewsbury

High School, Shrewsbury, Massachusetts (the "Project").  Wausau previously undertook to

defend Iaccarino in one of those actions under a reservation of rights action in or around October

2003, but now disclaims that obligation.  Wausau, as it must, in light of the fact that there has not

yet been "an unalterable determination as to the nature of the underlying claim," has also named

the plaintiff in those actions, R.W. Granger & Sons, Inc. ("Granger"), in this action.  See, e.g.,

Lumbermens Mutual Casualty v. Belleville Industries, 407 Mass. 675, 686 (1990)(typically

underlying claimant must be party to declaratory judgment action unless the nature of claim is

unalterably fixed). See also Newell-Blais Post No. 443 v. Shelby Mut. Ins. Co., 396 Mass. 633,

638 (1989)(unlike duty to defend, which is determined by reference to facts alleged, duty to

indemnify is determined by reference to facts as proven at trial).

The Federal Declaratory Judgment Act (28 U.S.C. §§ 2201, et seq.) is merely an enabling

act which confers the discretion on the Federal Courts to hear and decide declaratory judgment

actions, rather than providing litigants with an absolute right to litigate such claims in the Federal

Courts. See, e.g, Wilton v. Seven Falls Company, 515 U.S. 277, 287, 115 S.Ct. 2137, 132

L.Ed.2d 214 (1995). This Court should exercise its discretion to stay this action, in favor of the

state court actions currently pending in Worcester Superior Court, in order to preclude Wausau

from forcing Granger to litigate its liability claims to final judgment in a forum not of its own

choosing and to prevent Wausau from using this action to avoid providing its insured (Iaccarino)

with a defense to one of those liability claims under its prior agreement to defend under a

reservation of rights.[1]

## MATERIAL FACTS AND PROCEDURAL HISTORY

1.      In or around May 2000, Granger and the Town of Shrewsbury ("Shrewsbury")

entered into a general contract for the construction of the Project.

2.      Granger entered into a subcontract with Iaccarino to perform millwork on the

Project.

3.      Granger entered into a subcontract with KMD Mechanical Corporation ("KMD")

to perform the heating, ventilating, and air conditioning on the Project.

4.      Granger alleges that in or around December 2002, there was a temperature spike

in the auditorium at the Project, resulting in damage. In this regard, Granger alleges in part that

---

[1] Specifically, if this action proceeds, it will require the parties to conduct duplicative discovery on the liability issues presented in the state actions, for which Iaccarino will bear its own costs. This provides Wausau with a mechanism for relieving itself of the financial burden of the duty to defend it has already accepted.

"as a direct and proximate result of Iaccarino's negligence, the glue did not perform properly, the Project suffered property damage and delay, and Granger has suffered damages in an amount to be determined." (See Worcester C Session Complaint.)

5.    Iaccarino is a party to a Commercial General Liability Policy (No. TBC-Z91-425443-022) with Wausau which provided coverage for the policy period January 28, 2002, to January 28, 2003 (the "Policy").

6.    On or about May 23, 2003, Granger filed a lawsuit styled <u>R.W. Granger & Sons, Inc. v. Town of Shrewsbury, Iaccarino & Sons, Inc., Baron Industries, Inc., Bass Associates, Island International Industries, Inc., KMD Mechanical Corporation, Coughlin Electric Contractors, Inc., Bononmo Tile Co., Inc., Prudential Door & Window Co., Inc., Dave Gardener Contracting & Supply, Emanouil Brothers, Inc. and KDK Enterprises, Inc.</u>, in the Worcester Superior Court as Civil Action  No. 03-01021-A (the "Worcester A Session Case")

7.    In that action, Granger asserts a cause of action for declaratory judgment and breach of contract against the Town of Shrewsbury ("Shrewsbury") concerning back charges Shrewsbury has asserted and breach of contract claims against various subcontractors, including Iaccarino, for their purported failure to perform their work in a good and workmanlike manner.

8.    On or about August 20, 2003, R.W Granger & Sons, Inc. filed a second lawsuit against Iaccarino and KMD styled <u>R.W Granger & Sons, Inc. v. KMD Mechanical Corp. and Iaccarino & Sons, Inc.</u> in the Worcester Superior Court as Civil Action Number 03-04168-C (the "Worcester C Session Case").

9.    In that action, R.W. Granger asserts causes of action for negligence and breach of contract against KMD and Iaccarino alleging that the defendants caused injury to property as a result of their acts or omissions.

10.    Both actions concern the same Project and share common legal or factual issues.

11.    As such, Iaccarino moved to dismiss the later filed action due to the pendency of a prior action. The Worcester Superior Court denied Iaccarino's motion but ordered that the actions be consolidated on or about March 29, 2004.[2]

12.    Although Wausau denied coverage for the Worcester A Session Case, it agreed to defend Iaccarino in the Worcester C Session Case pursuant to a reservation of rights on or about October 30, 2003.

13.    On or about July 6, 2004, Wausau filed the instant diversity action in the District Court against Granger, KMD, and Iaccarino seeking a declaration that Wausau has no duty to defend and indemnify Iaccarino in either the Worcester A Session Case or the Worcester C Session Case.

14.    On December 10, 2004, Iaccarino served a Motion for Leave to filed Third Party Complaint. The proposed Third-party Complaint seeks a declaratory judgment that Wausau has a duty to defend Iaccarino in the Worcester A Session Case and the Worcester C Session Case under the terms of the Policy.

## ARGUMENT

The Federal Declaratory Judgment Act (28 U.S.C. § 2201-2202) "'is an enabling Act which confers discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Company, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)(quoting from Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). See Green v. Mansour, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); Atlas Copco Construction Tools v. Allied Construction Products, 307 F.Supp. 228, 232 (D.Mass. 2004). "On

---

[2] The Worcester A Session Case and the Worcester C Session Case, as consolidated, are referred to herein as the "Massachusetts Consolidated Actions."

its face, the statute provides that a court '*may* declare the rights and other legal relations of any

interested party seeking such declaration.'" Wilton, 515 U.S. at 286 (quoting from 28 U.S.C. §

2201(a))(emphasis in original).

     In this regard, the Supreme Court has held:

> "There is ... nothing automatic or obligatory about the assumption of
> 'jurisdiction' by a federal court" to hear a declaratory judgment action.  By the
> Declaratory Judgment Act, Congress sought to place a remedial arrow in the
> district court's quiver; it created an opportunity rather than a duty, to grant a new
> form of relief to qualifying litigants.  Consistent with the nonobligatory nature of
> the remedy, a district court is authorized, in the sound exercise of its discretion, to
> stay or to dismiss an action seeking a declaratory judgment before trial or after all
> arguments have drawn to a close.  In the declaratory judgment context, the normal
> principle that federal courts should adjudicate claims within their jurisdiction
> yields to considerations of practicality and wise judicial administration.

Id. at 288.

     Thus, an action filed under the Declaratory Judgment Act may be dismissed or

stayed when there is a pending state court action in which the issues raised in the federal

action can be decided.  See, e.g., Wilton, 515 U.S. at 282-286.  Indeed, the Supreme

Court has noted that:  "Ordinarily it would be uneconomical as well as vexatious for a

federal court to proceed in a declaratory judgment suit where another suit is pending in

the state court presenting the same issues, not governed by federal law, between the same

parties."  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed.

1620 (1942).  "In fact, ... a court might be indulging in '[g]ratuitous interference' if it

permitted a federal declaratory action to proceed when the parties have sufficient

opportunity to resolve the issue in a pending state court action."  Atlas Copco

Construction Tools, Inc., 307 F.Supp.2d at 232 (quoting from Brillhart v. Excess Ins. Co.

of Am., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).  The issue presented

for the Federal Court is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceedings pending in the state court." Brillhart, 316 U.S. at 495. In making that determination, the Federal Court is called upon to examine "scope of the pending state court action proceeding and the nature of defenses open there," "whether the claims of all parties in interest can satisfactorily be adjudicated in the proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." Brillhart, 316 U.S. at 495.

The First Circuit has indicated that the court should exercise its discretion to decide declaratory judgment actions only after considering the totality of the circumstances. See El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 494 (1st Cir. 1992); Atlas Copco Construction Tools v. Allied Construction Products, LLC, 307 F.Supp.2d 228, 232 (D.Mass. 2004).

Moreover, in evaluating this motion, it is of no import that Wausau asserted its declaratory judgment claims first. The District of Massachusetts has previously held that the "'pending' nature of the state court action [does not] necessarily turn on which matter was filed first, particularly where [state court action] concerns at least in part other parties" and that the analysis required under the Declaratory Judgment Act did not turn on "a race to the court house." Atlas Copco Construction Tools, 370 F.Supp.2d at 233.

In evaluating the totality of the circumstances when there is a pending state action, it is appropriate to consider, *inter alia*, the legal issues presented in the two actions, the relative progress of the two actions, whether there are additional parties in the state court action, whether all disputes between the parties can be resolved in the state court action, whether "piecemeal

litigation" can be avoided, whether judicial economy would be promoted, and whether it would further interests of comity.  See Atlas Copco Construction Tools, Inc., 307 F.Supp. 2d at 233-234; Chedester v. Town of Whately, 279 F.Supp. 53, 57-58 (D.Mass. 2003).

The resolution of whether Wausau has a duty to defend and to indemnify Iaccarino against the claims asserted against it by Granger is controlled by the substantive law of Massachusetts.  See Fithian v. Reed, 204 F.3d 306, 308 (1st Cir. 2000)(citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 58 L.Ed. 817 (1938)(state law supplies substantive rules of decision in diversity action); Bajowski v. Sysco Corp., 115 F. Supp. 2d 133, 136 (D.Mass. 2000)(same).  In addition, the underlying factual predicates for establishing or refuting liability and damages in the Massachusetts Consolidated Actions and Wausau's duties to defend and indemnify will, in large part, be one and the same.  The interpretation of the relevant Policy provisions will be decided applying Massachusetts substantive law.  There are no federal questions presented by this action.  Thus, there are no legal issues which favor resolution in a federal forum.

There are also nine additional parties to the Massachusetts Consolidated Actions who have not been named parties to this action.[3]  Similarly, there are additional claims presented for resolution in the Massachusetts Consolidated Actions which are not present in this action.  Moreover, discovery is under way in the Massachusetts Consolidated Actions with substantial written discovery completed whereas this action is at a comparatively early stage.

---

[3] In this regard, Shrewsbury, Baron Industries, Inc., Bass Contractors, Inc., Bonomo Tile Co., Inc., Prudential Door & Window Co., Inc., Dave Gardner Contracting & Supply, Emanouil Brothers, Inc., and KDK Enterprises are all parties to the Worcester A Session case but are not parties to this action.  Johnson Controls, Inc. is a party to the Worcester C Session Case but not a party to this action.  Although Wausau has not yet been joined in the Massachusetts consolidated actions, a Motion for Leave to File Third-party Complaint has been served and there is no reason to believe that the motion will not be granted by the Worcester Superior Court.

As the Massachusetts Consolidated Actions must proceed in light of the additional parties involved and claims asserted, "piecemeal litigation" can be avoided and judicial economy promoted by staying this action in favor of the Massachusetts Consolidated Actions.

Although Wausau could have intervened in the pending state court cases in which the underlying factual issues on which its duty to defend and duty to indemnify will be determined, it instead decided to forum shop and initiate this declaratory judgment action. One can surmise that one of the factors that lead Wausau to choose this forum is that it can avoid providing Iaccarino with the defense it already accepted by forcing Iaccarino, a co-defendant, KMD, and the plaintiff, Granger, to conduct discovery on and litigate the liability issues from the underlying state court cases in this federal declaratory judgment action, in which Iaccarino, at least in the first instance, will be required to pay its own defense costs. In addition to providing Wausau with a device to relieve itself of the financial burden of the defense it has already obligated itself to provide to Iaccarino, it forces the plaintiff, Granger, who has no relationship whatsoever with Wausau, to litigate its liability claims in a forum selected by Wausau.

Finally, the fact that Granger will be forced to litigate its liability claims piecemeal against Iaccarino and KMD to a binding final judgment in this action to permit the Court to adjudicate whether Wausau has a duty to indemnify under the Policy militates against the exercise of the Court's discretion to hear this action. See, e.g., Newell-Blais Post No. 443, 396 Mass. at 638 ("the obligation to indemnify does not ineluctably follow from the duty to defend … since the facts proved at trial may fall within a policy exclusion, or [ ] may fail to satisfy certain [Policy] conditions … [as such] [t]he issue of indemnification must await the completion of trial" (citations omitted)).

<u>CONCLUSION</u>

In light of the fact that the state court will be required to hear the Massachusetts

Consolidated Actions, regardless of this action because of the presence of additional parties and

claims in those actions, the fact that the legal issues are state law matters, the fact that allowing

this action to go forward would result in piecemeal litigation, and in order to permit the plaintiff

in the underlying actions to litigate all of its claims in a single proceeding in a forum of its own

choosing, the Court should exercise its discretion and stay this action.

IACCARINO & SON, INC.
By its attorneys,


Thomas J. Conte (BBO # 566092)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date:    December 10, 2004