UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127-FDS

EMPLOYERS INSURANCE )
COMPANY OF WAUSAU, )
)
            Plaintiff )
v. )
)
IACCARINO & SON, INC., )
R.W. GRANGER & SONS, INC., )
and KMD MECHANICAL )
CORPORATION, )
)
            Defendants )

## <u>**AFFIDAVIT OF JAMES P. HOBAN**</u>

I, James P. Hoban, on oath depose and state as follows:

1.      I am an attorney in good standing in the Commonwealth of Massachusetts and the

United States District Court for the District of Massachusetts and represent Iaccarino & Son, Inc.

in connection with the above-referenced matter.

2.      Attached hereto as <u>Exhibit A</u> is a true and accurate copy of Iaccarino's Motion for

Leave to File Third-party Complaint, served on December 10, 2004, on all counsel of record in

<u>R.W. Granger & Sons, Inc. v. Town of Shrewsbury, et al</u>, Worcester Superior Court Civil Action

No. 03-01021-A, and <u>R.W. Granger & Sons, Inc. v. Iaccarino & Son, Inc., et al</u>, Worcester

Superior Court Civil Action No. 03-01659-C, and counsel to Employers Insurance Company of

Wausau.

3.      Attached hereto as <u>Exhibit B</u> is a true and accurate copy of the docket in the

Worcester A Session Case.

4.    Attached hereto as <u>Exhibit C</u> is a true and accurate copy of the docket in the

Worcester C Session Case.

Signed under the pains and penalties of perjury this 10th day of December 2004.

_____

James P. Hoban

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.　　　　　　　　　　　　　　CIVIL ACTION NO. 03-01021-A

R.W. GRANGER & SON, INC.,　　　　　　　　)
Plaintiff　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
IACCARINO & SON, INC., et al.,　　　　　　　)
Defendants　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
EMPLOYERS INSURANCE COMPANY　　　　)
OF WAUSAU,　　　　　　　　　　　　　　　　)
Third-party Defendant　　　　　　　　　　　　)

Consolidated with:

R.W. GRANGER & SON, INC.,　　　　　　　　)　　　CIVIL ACTION NO. 03-1659-C
Plaintiff　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
IACCARINO & SON, INC.,　　　　　　　　　　)
Defendant/Third-party Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
EMPLOYERS INSURANCE COMPANY　　　　)
OF WAUSAU,　　　　　　　　　　　　　　　　)
Third-party Defendant　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
KMD MECHANICAL CORP.,　　　　　　　　　)
Defendant/Third-party Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
JOHNSON CONTROLS, INC.,　　　　　　　　　)
Third-party Defendant　　　　　　　　　　　　)

## IACCARINO & SON, INC.'S THIRD-PARTY COMPLAINT

### PARTIES

1.    Iaccarino & Son, Inc. ("Iaccarino") has a place of business in Boylston, Massachusetts.

2.    Defendant Employers Insurance Company for Wausau ("Wausau") is an insurer licensed to transact business in the Commonwealth of Massachusetts.

### FACTS

3.    In or around May 2000, R.W. Granger & Sons, Inc. ("Granger") and the Town of Shrewsbury ("Shrewsbury") entered into a general contract for the construction of the new Shrewsbury High School (the "Project").

4.    Granger entered into a subcontract with Iaccarino to perform millwork work on the Project.

5.    It is alleged by Granger that there was a temperature spike in the auditorium at the Project in or around December 2002 which resulted in damage to the Project (the "Incident").

6.    At the time of the Incident, Iaccarino was a party to a Commercial General Liability Policy (Policy No. TBC-Z91-425443-022) with a policy period of January 28, 2002 to January 28, 2003, with Wausau (the "Policy").

7.    In May 2003, Granger brought a lawsuit against Iaccarino and others alleging, among other things, breach of contract arising out of the Project.  The action is entitled R.W. Granger & Sons, Inc. v. Town of Shrewsbury, Iaccarino & Son, Inc., Baron Industries, Inc., Bass Associates, Island International Industries, Inc., KMD Mechanical Corporation, Coghlin Electric Contractors, Inc., Bonomo Tile Co., Inc., Prudential Door & Window Co., Inc., Dave Gardner

Contracting and Supply, Emanouil Brothers, Inc., and KMD Enterprises, Inc., and is pending in the Worcester Superior Court as Civil Action No. 03-1021-A (the "Worcester A Session Case").

8.    Specifically, Granger alleged in its Complaint (the "Worcester A Session Complaint") that Iaccarino failed to perform its work in a timely and workmanlike manner and failed to perform according to the contract documents causing damage to Granger. The Worcester A Session Complaint was amended by Wausau on or about July 30, 2004 (the "Worcester A Session Amended Complaint"). True and accurate copies of the Worcester A Session Complaint and Worcester A Session Amended Complaint are attached hereto as Exhibits A and B, respectively.

9.    Iaccarino promptly notified Wausau of the claim and provided it with a copy of the summons, Worcester A Session Complaint, and Worcester A Session Amended Complaint.

10.    Wausau denied coverage.

11.    In denying coverage for the Worcester A Session Case, Wausau asserted that only economic loss damages were sought in that case which do not constitute "property damage;" that exclusion k (Damage To Your Product) obviated coverage; and that exclusion m (Damage To Impaired Property Or Property Not Physically Injured) obviated coverage.

12.    In August 2003, Granger filed a second lawsuit against Iaccarino and others alleging, among other things, negligence and breach of contract.

13.    Specifically, Granger alleged in its Complaint (the "Worcester C Session Complaint") that Iaccarino negligently installed millwork which resulted in property damage and delay to the Project. A true and accurate copy of the Worcester C Session Complaint is attached hereto as Exhibit C.

14.    Iaccarino promptly notified Wausau of the claim and provided it with a copy of the summons and Worcester C Session Complaint.

15.    In or around October 2003, Wausau agreed to undertake the defense of the Worcester C Session case pursuant to a reservation of rights.

16.    Coverage A of the Policy provides that:

> [Wausau] will pay those sums that [Iaccarino] becomes legally obligated to pay as damages because of ... "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

17.    In the Policy, "property damage" is defined as:

> a.    Physical injury to tangible property, including all resulting loss of the use of that property.  All such loss shall be deemed to occur at the time and place of the "occurrence" that caused it.

> b.    Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

18.    Wausau now disputes that it has any duty to defend and indemnify Iaccarino in the Worcester C Session case.

19.    Wausau contends that there is no "property damage" or that exclusion k (Damage to Your Product) and exclusion l (Damage to Your Work) obviate coverage for the Worcester C Session Case.

20.    Iaccarino moved to dismiss the Worcester Superior C Session Case due to the prior pendency of the Worcester Superior A Session Case.  Although that motion was denied on or about March 29, 2004, the Worcester Superior Court ordered the consolidation of the actions.

## COUNT I

21.    Iaccarino repeats and incorporates by reference the allegations contained in paragraphs 1 through 20 as if expressly set forth herein.

22.     Wausau is obligated to defend Iaccarino against a liability claim based on the allegations in the Complaint and facts known or readily ascertainable by Wausau on investigation.

23.     To trigger the insurer's duty to defend, the underlying complaint need only show a possibility of coverage.

24.     Wausau bears the burden of proving that the facts of the Worcester A Session Case and Worcester C Session Case fall within the scope of exclusionary clause(s).  Wausau cannot meet this burden.

25.     The allegations of the Worcester A Session Complaint and the Worcester C Session Complaint and the facts ascertained by Wausau establish that there was a possibility of coverage and therefore Wausau is required to undertake the defense of Iaccarino in those actions.

26.     Wausau has breached its duty to defend by failing and refusing to defend and/or seeking to disclaim its duty to defend Iaccarino.

27.     As a result of Wausau's breach, Iaccarino has been damaged and continues to be damaged, including having to incur attorneys' fees in connection with this Complaint.

## COUNT II

28.     Iaccarino repeats and incorporates by reference the allegations contained in paragraphs 1 through 27 as if expressly set forth herein.

29.     Wausau disputes its duty to indemnify Iaccarino based on the evidence against Iaccarino in the Worcester A Session Case and Worcester C Session Case.

30.     A real dispute exists between the parties as to Wausau's obligation to indemnify Iaccarino for any judgment(s) which may be entered in those actions.

31.     Wausau is obligated to indemnify Iaccarino and has breached its obligation by repudiating its obligation to indemnify Iaccarino for any judgment.

32.     Iaccarino therefore seeks a judgment declaring that Wausau is obligated to indemnify Iaccarino.

WHEREFORE, Plaintiff Iaccarino requests that this Court enter judgment as follows:

1.     The amount of attorneys' fees incurred by Iaccarino in defending the Worcester A Session Case and the Worcester C Session Case through the date of judgment;

2.     A declaratory judgment that Wausau must indemnify for any judgment entered against Iaccarino in the Worcester A Session Case and the Worcester C Session Case.

3.     The attorneys' fees incurred by Iaccarino in pursuing this case.

**DEFENDANT IACCARINO & SON, INC. REQUESTS
A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

IACCARINO & SON, INC.
By its attorneys,

Thomas J. Conte (BBO #566092)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date:    December 10, 2004

# EXHIBIT A

{}

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.

03-1021 A

| | |
|---|---|
| R.W. GRANGER & SONS, INC., | COMPLAINT |
| Plaintiff, | |
| v. | |
| IACCARINO & SONS, INC., BARON INDUSTRIES, INC., BASS ASSOCIATES, ISLAND INTERNATIONAL INDUSTRIES, INC., KMD MECHANICAL CORPORATION, COGHLIN ELECTRIC CONTRACTORS, INC., BONOMO TILE CO., INC., PRUDENTIAL DOOR & WINDOW CO., INC., DAVE GARDNER CONTRACTING & SUPPLY, EMANOUIL BROTHERS, INC., KDK ENTERPRISES, INC., | |
| Defendants. | |

RECEIVED

MAY 2 3 2003

CLERK OF COURTS
WORCESTER COUNTY

Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned

counsel, by way of Complaint against Defendant Iaccarino & Sons, Inc.

("Iaccarino"), Defendant Baron Industries, Inc. ("Baron"), Defendant Bass

Associates ("Bass"), Defendant Island International Industries, Inc. ("Island"),

Defendant KMD Mechanical Corporation ("KMD"), Defendant Coghlin Electric

Contractors, Inc. ("Coghlin"), Defendant Bonomo Tile Co., Inc. ("Bonomo"),

Defendant Prudential Door & Window Co., Inc. ("Prudential"),  Defendant Dave

Gardner Contracting & Supply ("Gardner"), Defendant Emanouil Brothers, Inc.

("Emanouil"), and KDK Enterprises, Inc. ("KDK"), states as follows:

## PARTIES

1.      Granger is a corporation organized and existing of the laws of the

Commonwealth of Massachusetts and has its usual place of business in

Shrewsbury, Massachusetts, Worcester County.

2.      Upon information and belief, Iaccarino is a corporation organized and

existing of the laws of the Commonwealth of Massachusetts with its principal place

of business in Boylston, Massachusetts and is engaged in the construction industry

as a millwork subcontractor.

3.      Upon information and belief, Baron is a corporation organized and

existing of the laws of the Commonwealth of Massachusetts with its principal place

of business in Burlington, Massachusetts and is engaged in the construction

industry as a doors and grilles subcontractor.

4.      Upon information and belief, Bass is a corporation organized and

existing of the laws of the Commonwealth of Massachusetts with its principal place

of business in Lynn, Massachusetts and is engaged in the construction industry as a

metal wall panel subcontractor.

5.      Upon information and belief, Island is a corporation organized and

existing of the laws of the State of Rhode Island with its principal place of business

in Pawtucket, Rhode Island and is engaged in the construction industry as a

fireproofing subcontractor.

6.     Upon information and belief, KMD is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Worcester, Massachusetts and is engaged in the construction industry as a heating, ventilation and air conditioning subcontractor.

7.     Upon information and belief, Coghlin is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Worcester, Massachusetts and is engaged in the construction industry as an electrical subcontractor.

8.     Upon information and belief, Bonomo is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Dedham, Massachusetts and is engaged in the construction industry as a tile subcontractor.

9.     Upon information and belief, Prudential is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Woburn, Massachusetts and is engaged in the construction industry as a glass and glazing subcontractor.

10.     Upon information and belief, Gardner is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Framingham, Massachusetts and is engaged in the construction industry as a roofing and flashing subcontractor.

11.     Upon information and belief, Emanouil is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place

3

of business in Chelmsford, Massachusetts and is engaged in the construction industry as a landscaping and site work subcontractor.

12. Upon information and belief, KDK is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Waltham, Massachusetts and is engaged in the construction industry as a painting subcontractor.

## GENERAL ALLEGATIONS

13. Granger entered into a contract with the Town of Shrewsbury (the "Town") for the construction of the Shrewsbury High School (the "Project").

14. In connection with the Project, Granger entered into a written subcontract with Iaccarino, pursuant to which Iaccarino agreed to perform millwork at the Project (the "Iaccarino Subcontract").

15. The Town has alleged that Iaccarino has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

16. If the Town's allegations are correct, then Iaccarino has breached the Iaccarino Subcontract.

17. In connection with the Project, Granger entered into a written subcontract with Baron, pursuant to which Baron agreed to perform certain door and grille work at the Project (the "Baron Subcontract").

18. The Town has alleged that Baron has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

4

19.   If the Town's allegations are correct, then Baron has breached the Baron Subcontract.

20.   In connection with the Project, Granger entered into a written subcontract with Bass, pursuant to which Bass agreed to perform certain metal wall panel work at the Project (the "Bass Subcontract").

21.   The Town has alleged that Bass has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

22.   If the Town's allegations are correct, then Bass has breached the Bass Subcontract.

23.   In connection with the Project, Granger entered into a written subcontract with Island, pursuant to which Island agreed to perform certain fireproofing work at the Project (the "Island Subcontract").

24.   The Town has alleged that Island has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

25.   If the Town's allegations are correct, then Island has breached the Island Subcontract.

26.   In connection with the Project, Granger entered into a written subcontract with KMD, pursuant to which KMD agreed to perform certain heating, ventilation, and air conditioning work at the Project (the "KMD Subcontract").

27.   The Town has alleged that KMD has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

28.   If the Town's allegations are correct, then KMD has breached the KMD Subcontract.

29.   In connection with the Project, Granger entered into a written subcontract with Coghlin, pursuant to which Coghlin agreed to perform certain electrical work at the Project (the "Coghlin Subcontract").

30.   The Town has alleged that Coghlin has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

31.   If the Town's allegations are correct, then Coghlin has breached the Coughlin Subcontract.

32.   In connection with the Project, Granger entered into a written subcontract with Bonomo, pursuant to which Bonomo agreed to perform certain tile work at the Project (the "Bonomo Subcontract").

33.   The Town has alleged that Bonomo has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

34.   If the Town's allegations are correct, then Bonomo has breached the Bonomo Subcontract.

35. In connection with the Project, Granger entered into a written subcontract with Prudential, pursuant to which Prudential agreed to perform certain glass and glazing work at the Project (the "Prudential Subcontract").

36. The Town has alleged that Prudential has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

37. If the Town's allegations are correct, then Prudential has breached the Prudential Subcontract.

38. In connection with the Project, Granger entered into a written subcontract with Gardner, pursuant to which Gardner agreed to perform certain roofing and flashing work at the Project (the "Gardner Subcontract").

39. The Town has alleged that Gardner has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

40. If the Town's allegations are correct, then Gardner has breached the Gardner Subcontract.

41. In connection with the Project, Granger entered into a written subcontract with Emanouil, pursuant to which Emanouil agreed to perform certain landscaping and site work at the Project (the "Emanouil Subcontract").

42. The Town has alleged that Emanouil has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

43. If the Town's allegations are correct, then Emanouil has breached the Emanouil Subcontract.

44. In connection with the Project, Granger entered into a written subcontract with KDK, pursuant to which KDK agreed to perform certain painting work at the Project (the "KDK Subcontract").

45. The Town has alleged that KDK has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

46. If the Town's allegations are correct, then KDK has breached the Gardner Subcontract.

47. Granger has satisfied all conditions precedent necessary to maintain this action.

## COUNT I
### (Breach of Contract – Iaccarino)

48. Granger incorporates by reference its allegations contained in paragraphs 1 through 47 as if set forth in full herein.

49. Iaccarino breached the Iaccarino Subcontract.

50. As a result of, and proximate cause of, Iaccarino's breach of the Iaccarino Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Iaccarino Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT II
### (Breach of Contract -- Baron)

51.   Granger incorporates by reference its allegations contained in paragraphs 1 through 50 as if set forth in full herein.

52.   Baron breached the Baron Subcontract.

53.   As a result of, and proximate cause of, Baron's breach of the Baron Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Baron Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT III
### (Breach of Contract -- Bass)

54.   Granger incorporates by reference its allegations contained in paragraphs 1 through 53 as if set forth in full herein.

55.   Bass breached the Bass Subcontract.

56.   As a result of, and proximate cause of, Bass' breach of the Bass Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Bass Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT IV
### (Breach of Contract -- Island)

57.   Granger incorporates by reference its allegations contained in paragraphs 1 through 56 as if set forth in full herein.

58.   Island breached the Island Subcontract.

59. As a result of, and proximate cause of, Island's breach of the Island Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Island Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT V
### (Breach of Contract -- KMD)

60. Granger incorporates by reference its allegations contained in paragraphs 1 through 59 as if set forth in full herein.

61. KMD breached the KMD Subcontract.

62. As a result of, and proximate cause of, KMD's breach of the KMD Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the KMD Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VI
### (Breach of Contract -- Coghlin)

63. Granger incorporates by reference its allegations contained in paragraphs 1 through 62 as if set forth in full herein.

64. Coghlin breached the Coghlin Subcontract.

65. As a result of, and proximate cause of, Coghlin's breach of the Coughlin Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Coghlin Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VII
### (Breach of Contract -- Bonomo)

66.    Granger incorporates by reference its allegations contained in paragraphs 1 through 65 as if set forth in full herein.

67.    Bonomo breached the Bonomo Subcontract.

68.    As a result of, and proximate cause of, Bonomo's breach of the Bonomo Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Bonomo Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VIII
### (Breach of Contract -- Prudential)

69.    Granger incorporates by reference its allegations contained in paragraphs 1 through 68 as if set forth in full herein.

70.    Prudential breached the Prudential Subcontract.

71.    As a result of, and proximate cause of, Prudential's breach of the Prudential Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Prudential Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT IX
### (Breach of Contract -- Gardner)

72.    Granger incorporates by reference its allegations contained in paragraphs 1 through 71 as if set forth in full herein.

73.    Gardner breached the Gardner Subcontract.

74.    As a result of, and proximate cause of, Gardner's breach of the Gardner Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Gardner Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT X
### (Breach of Contract -- Emanouil)

75.    Granger incorporates by reference its allegations contained in paragraphs 1 through 74 as if set forth in full herein.

76.    Gardner breached the Emanouil Subcontract.

77.    As a result of, and proximate cause of, Emanouil's breach of the Emanouil Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Emanouil Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT XI
### (Breach of Contract -- KDK)

78.    Granger incorporates by reference its allegations contained in paragraphs 1 through 77 as if set forth in full herein.

79.    Gardner breached the KDK Subcontract.

80.    As a result of, and proximate cause of, KDK's breach of the KDK Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the KDK Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _____

Robert V. Lizza (BBO #302410)
John W. DiNicola, II (BBO #629618)
10 St. James Avenue
Boston, MA  02116
Tel. (617) 523-2700

Date:  May 23, 2003

BOS1 #1341758 v1

13

# EXHIBIT B

{}

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.
03-1021

R.W. GRANGER & SONS, INC.,

        Plaintiff,

v.

TOWN OF SHREWSBURY,
IACCARINO & SONS, INC., BARON
INDUSTRIES, INC., BASS
ASSOCIATES, ISLAND
INTERNATIONAL INDUSTRIES, INC.,
KMD MECHANICAL CORPORATION,
COGHLIN ELECTRIC
CONTRACTORS, INC., BONOMO TILE
CO., INC., PRUDENTIAL DOOR &
WINDOW CO., INC., DAVE GARDNER
CONTRACTING & SUPPLY,
EMANOUIL BROTHERS, INC., and
KDK ENTERPRISES, INC.,

        Defendants.

**FIRST AMENDED COMPLAINT**



Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned

counsel, by way of Complaint against Defendant Town of Shrewsbury (the "Town"),

Defendant Iaccarino & Sons, Inc. ("Iaccarino"), Defendant Baron Industries, Inc.

("Baron"), Defendant Bass Associates ("Bass"), Defendant Island International

Industries, Inc. ("Island"), Defendant KMD Mechanical Corporation ("KMD"),

Defendant Coghlin Electric Contractors, Inc. ("Coghlin"), Defendant Bonomo Tile

Co., Inc. ("Bonomo"), Defendant Prudential Door & Window Co., Inc. ("Prudential"), Defendant Dave Gardner Contracting & Supply ("Gardner"), Defendant Emanouil Brothers, Inc. ("Emanouil"), Defendant KDK Enterprises, Inc. ("KDK"), states as follows:

## PARTIES

1.      Granger is a corporation organized and existing of the laws of the Commonwealth of Massachusetts and has its usual place of business in Shrewsbury, Massachusetts, Worcester County.

2.      Upon information and belief, the Town is a municipality of the Commonwealth of Massachusetts.

3.      Upon information and belief, Iaccarino is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Boylston, Massachusetts and is engaged in the construction industry as a millwork subcontractor.

4.      Upon information and belief, Baron is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Burlington, Massachusetts and is engaged in the construction industry as a doors and grilles subcontractor.

5.      Upon information and belief, Bass is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Lynn, Massachusetts and is engaged in the construction industry as a metal wall panel subcontractor.

2