6.     Upon information and belief, Island is a corporation organized and existing of the laws of the State of Rhode Island with its principal place of business in Pawtucket, Rhode Island and is engaged in the construction industry as a fireproofing subcontractor.

7.     Upon information and belief, KMD is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Worcester, Massachusetts and is engaged in the construction industry as a heating, ventilation and air conditioning subcontractor.

8.     Upon information and belief, Coghlin is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Worcester, Massachusetts and is engaged in the construction industry as an electrical subcontractor.

9.     Upon information and belief, Bonomo is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Dedham, Massachusetts and is engaged in the construction industry as a tile subcontractor.

10.     Upon information and belief, Prudential is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Woburn, Massachusetts and is engaged in the construction industry as a glass and glazing subcontractor.

11.     Upon information and belief, Gardner is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place

of business in Framingham, Massachusetts and is engaged in the construction industry as a roofing and flashing subcontractor.

12.    Upon information and belief, Emanouil is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Chelmsford, Massachusetts and is engaged in the construction industry as a landscaping and site work subcontractor.

13.    Upon information and belief, KDK is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Waltham, Massachusetts and is engaged in the construction industry as a painting subcontractor.

## GENERAL ALLEGATIONS

14.    Granger entered into a contract (the "Contract") with the Town for the construction of the Shrewsbury High School (the "Project").

15.    Granger has completed all work under the Contract in a timely and workmanlike manner.

16.    The Town has failed to pay Granger all sums due under the Contract.

17.    The Town has alleged that Granger (through its subcontractors in this action) has caused various Project delays and, as a result, has assessed backcharges against Granger.  The total amount claimed by the Town for these expenses is $183,054.27 and is broken down as follows:

| | | |
|---|---|---|
| 1) | Lamoureux Pagano Associates | $ 37,056.25 |
| 2) | International Engineering Group, LLC | $  8,705.00 |
| 3) | Hancock Associates | $ 12,094.15 |
| 4) | School Department Expenses | $ 11,795.22 |
| 5) | Construction Technologies Management, Inc. | $ 55,353.34 |

4

6) Clerk of Works                              $ 58,050.31

**Total**                                      **$183,054.27**

18.    Granger disputes the Town's allegations.

19.    In connection with the Project, Granger entered into a written subcontract with Iaccarino, pursuant to which Iaccarino agreed to perform millwork at the Project (the "Iaccarino Subcontract").

20.    The Town has alleged that Iaccarino has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

21.    If the Town's allegations are correct, then Iaccarino has breached the Iaccarino Subcontract.

22.    In connection with the Project, Granger entered into a written subcontract with Baron, pursuant to which Baron agreed to perform certain door and grille work at the Project (the "Baron Subcontract").

23.    The Town has alleged that Baron has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

24.    If the Town's allegations are correct, then Baron has breached the Baron Subcontract.

25.    In connection with the Project, Granger entered into a written subcontract with Bass, pursuant to which Bass agreed to perform certain metal wall panel work at the Project (the "Bass Subcontract").

26.    The Town has alleged that Bass has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

27.    If the Town's allegations are correct, then Bass has breached the Bass Subcontract.

28.    In connection with the Project, Granger entered into a written subcontract with Island, pursuant to which Island agreed to perform certain fireproofing work at the Project (the "Island Subcontract").

29.    The Town has alleged that Island has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

30.    If the Town's allegations are correct, then Island has breached the Island Subcontract.

31.    In connection with the Project, Granger entered into a written subcontract with KMD, pursuant to which KMD agreed to perform certain heating, ventilation, and air conditioning work at the Project (the "KMD Subcontract").

32.    The Town has alleged that KMD has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

33.    If the Town's allegations are correct, then KMD has breached the KMD Subcontract.

34.    In connection with the Project, Granger entered into a written subcontract with Coghlin, pursuant to which Coghlin agreed to perform certain electrical work at the Project (the "Coghlin Subcontract").

35.    The Town has alleged that Coghlin has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

36.    If the Town's allegations are correct, then Coghlin has breached the Coughlin Subcontract.

37.    In connection with the Project, Granger entered into a written subcontract with Bonomo, pursuant to which Bonomo agreed to perform certain tile work at the Project (the "Bonomo Subcontract").

38.    The Town has alleged that Bonomo has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

39.    If the Town's allegations are correct, then Bonomo has breached the Bonomo Subcontract.

40.    In connection with the Project, Granger entered into a written subcontract with Prudential, pursuant to which Prudential agreed to perform certain glass and glazing work at the Project (the "Prudential Subcontract").

41.    The Town has alleged that Prudential has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

7

42.    If the Town's allegations are correct, then Prudential has breached the Prudential Subcontract.

43.    In connection with the Project, Granger entered into a written subcontract with Gardner, pursuant to which Gardner agreed to perform certain roofing and flashing work at the Project (the "Gardner Subcontract").

44.    The Town has alleged that Gardner has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

45.    If the Town's allegations are correct, then Gardner has breached the Gardner Subcontract.

46.    In connection with the Project, Granger entered into a written subcontract with Emanouil, pursuant to which Emanouil agreed to perform certain landscaping and site work at the Project (the "Emanouil Subcontract").

47.    The Town has alleged that Emanouil has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

48.    If the Town's allegations are correct, then Emanouil has breached the Emanouil Subcontract.

49.    In connection with the Project, Granger entered into a written subcontract with KDK, pursuant to which KDK agreed to perform certain painting work at the Project (the "KDK Subcontract").

50.    The Town has alleged that KDK has failed to perform its work in a timely and workmanlike manner, and failed to perform its work according to the contract documents.

51.    If the Town's allegations are correct, then KDK has breached the Gardner Subcontract.

52.    Granger has satisfied all conditions precedent necessary to maintain this action.

## COUNT I
### (Declaratory Judgment – The Town)

53.    Granger incorporates by reference its allegations contained in paragraphs 1 through 52 as if set forth in full herein.

54.    The Town has assessed backcharges against Granger.

55.    The backcharges assessed by the Town involve delays to the Project and the alleged cost of such delays incurred by the Town.

56.    Granger disputes the Town's backcharges.

57.    If the Town's backcharges are legitimate, then Granger's subcontractors are proportionately responsible and liable to Granger for such backcharges.

58.    There is an actual controversy between Shrewsbury and the Town concerning whether the backcharges assessed by the Town are legitimate.

59.    The resolution of this dispute by the entry of judgment declaring the rights of the parties is necessary and appropriate under the existing facts and circumstances.

9

WHEREFORE, Granger, in accordance with M.G.L. c. 231A, demands judgment declaring:

a.     That the Town is not entitled to withhold its claimed backcharges.

b.     That the Town must pay Granger all amounts due under the Contract.

c.     That, in the event the Court finds that the Town's backcharges are legitimate, Granger be awarded damages against the remaining defendant-subcontractors for each defendant-subcontractor's proportionate share of such damages.

d.     Such other and further relief as this Court deems just and appropriate.

## COUNT II
### (Breach of Contract – The Town)

60.     Granger incorporates by reference its allegations contained in paragraphs 1 through 59 as if set forth in full herein.

60.     As set forth in detail above, the Town has breached the Contract by assessing the backcharges against Granger.

61.     As a proximate cause of the Town's breach of Contract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court award it damages, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT III
### (Breach of Contract -- Iaccarino)

62.    Granger incorporates by reference its allegations contained in paragraphs 1 through 61 as if set forth in full herein.

63.    Iaccarino breached the Iaccarino Subcontract.

64.    As a result of, and proximate cause of, Iaccarino's breach of the Iaccarino Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Iaccarino Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT IV
### (Breach of Contract -- Baron)

65.    Granger incorporates by reference its allegations contained in paragraphs 1 through 64 as if set forth in full herein.

66.    Baron breached the Baron Subcontract.

67.    As a result of, and proximate cause of, Baron's breach of the Baron Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Baron Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT V
### (Breach of Contract -- Bass)

68.    Granger incorporates by reference its allegations contained in paragraphs 1 through 67 as if set forth in full herein.

11

69.     Bass breached the Bass Subcontract.

70.     As a result of, and proximate cause of, Bass' breach of the Bass Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Bass Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VI
### (Breach of Contract -- Island)

71.     Granger incorporates by reference its allegations contained in paragraphs 1 through 70 as if set forth in full herein.

72.     Island breached the Island Subcontract.

73.     As a result of, and proximate cause of, Island's breach of the Island Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Island Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VII
### (Breach of Contract -- KMD)

74.     Granger incorporates by reference its allegations contained in paragraphs 1 through 73 as if set forth in full herein.

75.     KMD breached the KMD Subcontract.

76.     As a result of, and proximate cause of, KMD's breach of the KMD Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the KMD Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT VIII
### (Breach of Contract -- Coghlin)

77.    Granger incorporates by reference its allegations contained in paragraphs 1 through 76 as if set forth in full herein.

78.    Coghlin breached the Coghlin Subcontract.

79.    As a result of, and proximate cause of, Coghlin's breach of the Coughlin Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Coghlin Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT IX
### (Breach of Contract -- Bonomo)

80.    Granger incorporates by reference its allegations contained in paragraphs 1 through 79 as if set forth in full herein.

81.    Bonomo breached the Bonomo Subcontract.

82.    As a result of, and proximate cause of, Bonomo's breach of the Bonomo Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Bonomo Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

13

## COUNT X
### (Breach of Contract -- Prudential)

83.    Granger incorporates by reference its allegations contained in paragraphs 1 through 82 as if set forth in full herein.

84.    Prudential breached the Prudential Subcontract.

85.    As a result of, and proximate cause of, Prudential's breach of the Prudential Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Prudential Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT XI
### (Breach of Contract -- Gardner)

86.    Granger incorporates by reference its allegations contained in paragraphs 1 through 85 as if set forth in full herein.

87.    Gardner breached the Gardner Subcontract.

88.    As a result of, and proximate cause of, Gardner's breach of the Gardner Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Gardner Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## COUNT XII
### (Breach of Contract -- Emanouil)

89.    Granger incorporates by reference its allegations contained in paragraphs 1 through 88 as if set forth in full herein.

14

90.    Gardner breached the Emanouil Subcontract.

91.    As a result of, and proximate cause of, Emanouil's breach of the Emanouil Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the Emanouil Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

## <u>COUNT XIII</u>
### (Breach of Contract -- KDK)

92.    Granger incorporates by reference its allegations contained in paragraphs 1 through 91 as if set forth in full herein.

93.    Gardner breached the KDK Subcontract.

94.    As a result of, and proximate cause of, KDK's breach of the KDK Subcontract, Granger has suffered damages.

WHEREFORE, Granger prays that the Court award it damages in excess of the KDK Subcontract balance, plus interest, attorney's fees, costs and such further relief as the Court deems just and appropriate.

15

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _____
Robert V. Lizza (BBO #302410)
John W. DiNicola, II (BBO #629618)
10 St. James Avenue
Boston, MA  02116
Tel. (617) 523-2700

Date:  July 30, 2003

BOS1 #1360741 v1

16

# EXHIBIT C

{}

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.

03–1659C

R.W. GRANGER & SONS, INC.,

Plaintiff,

v.

KMD MECHANICAL CORP. and
IACCARINO & SONS, INC.,

Defendants.

RECEIVED

AUG 2 2 2003

CLERK OF COURTS
WORCESTER COUNTY

## COMPLAINT

Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned counsel, by way of Complaint against Defendant KMD Mechanical Corp. ("KMD") and Defendant Iaccarino & Sons, Inc. ("Iaccarino"), states as follows:

## PARTIES

1.    Granger is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 415 Boston Turnpike, Shrewsbury, Massachusetts.

2.    Granger is engaged in the construction industry as a general contractor.

3.     Upon information and belief, KMD is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 310A Southwest Cutoff, Worcester, Massachusetts.

4.     KMD is engaged in the construction industry as a mechanical subcontractor.

5.     Upon information and belief, Iaccarino is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 200 Shrewsbury Street, Boylston, Massachusetts.

6.     Iaccarino is engaged in the construction industry as a millwork subcontractor.

## FACTS

7.     On or about May 16, 2000, the Town of Shrewsbury and Granger entered into a general contract for the construction of the Shrewsbury High School on Holden Street, Shrewsbury, Massachusetts (the "Project") for an original contract price of $43,207,000.   Under the general contract, Granger agreed to substantially complete the Project on or before June 15, 2002.

8.     Granger and KMD entered into a subcontract, pursuant to which KMD was to install the building heating, ventilating, and air conditioning ("HVAC") system on the Project.

9.     On September 3, 2002, the architect on the Project issued a Certificate of Substantial Completion indicating that the "HVAC system in its entirety" was incomplete or defective.

10.     Upon information and belief, KMD negligently, and in breach of the subcontract installed a defective automatic air volume damper on the Project.

11.     Granger and Iaccarino entered into a subcontract, pursuant to which Iaccarino was to install the millwork on the Project.

12.     Upon information and belief, Iaccarino negligently, and in breach of the subcontract, among other things, used a glue to manufacture the millwork that was insufficient for the use intended.

13.     As a result of KMD's negligence and breach of the subcontract, the HVAC system did not function properly and on or about December 4, 2002 the temperature in the auditorium of the Shrewsbury High School rose to approximately 140 degrees Fahrenheit, causing catastrophic heat damage to the auditorium, including the millwork.

14.     As a result of Iaccarino's negligence and breach of the subcontract, the millwork suffered damage on or about December 4, 2002, in that Iaccarino, among other things, provided and installed insufficient glue to withstand the conditions in the auditorium.

## COUNT I
### (Negligence – KMD)

15.     Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 14 of the Complaint as if set forth in full herein.

16.     As a subcontractor on the Project, KMD owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

17.    As more fully described above, KMD negligently installed a defective automatic air volume damper on the Project.

18.    As a direct and proximate result of KMD's negligence, the HVAC system did not function properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count I, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

**COUNT II**
**(Breach of Contract – KMD)**

19.    Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20.    As set forth in detail above, KMD has breached the subcontract.

21.    As a proximate cause of KMD's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count II, awarding it damages incurred on account of such breach of contract, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

**COUNT III**
**(Negligence – Iaccarino)**

22.    Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth in full herein.

23.    As a subcontractor on the Project, Iaccarino owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

24.    As more fully described above, Iaccarino negligently installed the millwork on the Project.

25.    As a direct and proximate result of Iaccarino's negligence, the glue did not perform properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count III, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT IV
### (Breach of Contract – Iaccarino)

26.    Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 25 of the Complaint as if set forth in full herein.

27.    As set forth in detail above, Iaccarino has breached the subcontract.

28.    As a proximate cause of Iaccarino's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count IV, awarding it damages incurred on account of such breach of contract,

plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

Dated: August 20, 2003

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _____

Robert V. Lizza (BBO#302410)
John W. DiNicola, II (BBO#629618)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

BOS1 #1338902 v2