COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, ss.                                              CIVIL ACTION NO. 03-01021-A

R.W. GRANGER & SON, INC.,          )
    Plaintiff,                                )
                                                      )
v.                                                  )
                                                      )
TOWN OF SHREWSBURY, ET AL.,  )
    Defendants.                             )

Consolidated with:

R.W. GRANGER & SON, INC.,          )         CIVIL ACTION NO 03-1659-C
    Plaintiff,                                )
                                                      )
v.                                                  )
                                                      )
IACCARINO & SON, INC.,                )
    Defendant,                             )
                                                      )
and                                                )
                                                      )
KMD MECHANICAL CORP.,         )
    Defendant/Third-Party Plaintiff,  )
                                                      )
v.                                                  )
                                                      )
JOHNSON CONTROLS, INC.,          )
    Third-Party Defendant.              )

**OPPOSITION OF EMPLOYERS INSURANCE COMPANY OF WAUSAU TO
DEFENDANT IACCARINO & SON, INC.'S MOTION FOR LEAVE TO FILE
THIRD-PARTY COMPLAINT
(ORAL ARGUMENT REQUESTED)**

---

    Employers Insurance Company of Wausau ("Wausau") opposes Defendant Iaccarino & Son,

Inc.'s ("Iaccarino") motion for leave to file a third-party complaint for three reasons. First, in July

2004, Wausau filed its coverage action against Iaccarino in the federal district court in Worcester, Massachusetts. Accordingly, since that federal action was first filed, this Court should deny Iaccarino's motion. Second, Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been asserted in the federal action. Therefore, this Court should not permit Iaccarino to assert them in these consolidated actions. Third, Wausau will be prejudiced by the allowance of Iaccarino's motion as it is an thinly disguised attempt to force Wausau to litigate the coverage issues in state court rather than the federal forum it selected.

## BACKGROUND

1. On July 6, 2004, Wausau commenced a coverage action against Iaccarino by filing its Complaint on July 6, 2004 in the United States District Court for the District of Massachusetts in Worcester, Massachusetts (the "Federal Action"). (A copy of Wausau's Complaint is attached hereto as Exhibit 1. A copy of the Docket Sheet for the federal declaratory judgment action is attached hereto as Exhibit 2.) By way of the Federal Action, Wausau seeks a declaration that it has no duty to defend or indemnify Iaccarino under a Commercial General Liability Policy having Policy No. TBC-Z91-425443-022 for the policy period from January 28, 2002 to January 28, 2003 (the "Wausau CGL Policy") in the two consolidated actions pending in this Court -- (1) *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01021 (the "Backcharges Action"), and (2) *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01659 (the "Defective HVAC System Action"). Wausau's federal coverage action was brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.* Jurisdiction in the United States District Court is proper under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

2. On August 25, 2004, Iaccarino filed its Answer to Wausau's Complaint in the Federal Action. Significantly, Wausau did not assert any counterclaims in its Answer.

3. On December 10, 2004, Iaccarino filed a motion to stay the Federal Action. Wausau has opposed that Motion.

4. Simultaneously with the filing of its motion to stay the Federal Action, Iaccarino served its motion for leave to file a third-party complaint in these consolidated actions. By way of its proposed third-party complaint, Iaccarino seeks a declaration that Wausau has a duty to defend and indemnify it under the Wausau CGL Policy in the Backcharges and Defective HVAC Systems Actions.

## ARGUMENT

**I. Wausau's Federal Action Was First Filed; Accordingly, this Court Should Deny Iaccarino's Motion for Leave to File a State Court Action Regarding the Same Coverage Issues.**

By way of its proposed third-party complaint against Wausau, Iaccarino seeks to address the identical coverage dispute at issue in the earlier filed Federal Action. In so doing, Iaccarino is improperly trying to deprive Wausau of its choice of forum for litigation of the coverage dispute. Wausau properly filed the Federal Action on the basis of diversity of citizenship. *See generally Aetna Cas. and Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (6th Cir. 1992) ("[w]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage").

The plaintiff's selection of a forum in a first filed action is generally preferred. *Seidman v. Central Bancorp, Inc.*, 15 Mass. L. Rptr. 642, 2003 WL 369678 (Mass. Super. Ct., Feb. 3, 2003) (Van Gestel, J.), *citing Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). (A copy of Judge Van Gestel's decision in *Seidman* is attached hereto as Exhibit 3.) Furthermore,

"[t]he general rule is that where there is concurrent jurisdiction in two or more court units, whether such court units be in the same or in different States, the court whose jurisdiction first attaches over the proceeding, may hear and dispose of it to the exclusion of the other courts." Nolan and Henry, Civil Practice, 9 M.P.S. § 3.13 at 97 (2004).

If the Federal Action were pending in another court of the Commonwealth, Mass. R. Civ. P. 12(b)(9) would require its dismissal. *Seidman*, 15 Mass. L. Rptr. 642. However, the United States District Court is not a court of the Commonwealth. *Id., citing Doe v. Governor*, 381 Mass. 702, 706 (1980). Nevertheless, as the *Seidman* court noted, Rule 12(b)(9) remains instructive. When presented with an earlier filed federal action, the state court should defer to that action. As Judge Van Gestel concluded:

> While Rule 12(b)(9) may not be a proper vehicle for dismissal of the two cases here because the prior pending action is not in a court of the Commonwealth, there certainly is no reason to proceed further with those actions until there is some indication -- which there is absolutely none now -- that matters are not moving forward in the Federal Court.

*Id*.

Here, since the Federal Action was the first filed action, this Court should deny Iaccarino's motion for leave to file its third-party complaint against Wausau relating to the same coverage issues. By seeking to file a third-party complaint, Iaccarino is improperly seeking to deprive Wausau of its choice of forum. This Court should not permit that.

## II. The Third-Party Claims Iaccarino Seeks to Assert Should Have Been Brought as Compulsory Counterclaims in the Federal Action; Therefore, This Court Should Deny Iaccarino's Motion.

Iaccarino's proposed third-party claims are essentially the mirror image of Wausau's coverage

4

claims in the Federal Action. Accordingly, Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been brought in the Federal Action.

Fed. R. Civ. P. 13(a) provides, in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .[1]

It is clear from the plain language of Rule 13(a) that a defendant must plead all of the claims that it has against an opposing party that arise out of the "transaction or occurrence that is the subject matter of the opposing party's claim" as counterclaims in the first filed action. Here, there can be no question but that Iaccarino's proposed third-party claims are compulsory counterclaims within the meaning of Rule 13(a) since they mirror Wausau's coverage claims in the Federal Action. Failure to raise a compulsory counterclaim typically bars assertion of the claim in a subsequent action. *National Lumber Co. v. Canton Inst. for Savings*, 56 Mass. App. Ct. 186, 187 (2002). *See Carteret Savings & Loan Ass'n v. Jackson*, 812 F.2d 36 (1st Cir. 1987).

Accordingly, since Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been asserted in the Federal Action, this Court should not permit

---

[1] Mass. R. Civ. P. 13(a) similarly provides, in pertinent part:

> A pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not either require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction or constitute an action required by law to be brought in a county or judicial district . . . other than the county or judicial district in which the court is sitting. . . .

5

Iaccarino to assert them and should deny Iaccarino's motion.

### III. Wausau Will Be Prejudiced by the Allowance of Iaccarino's Motion.

By filing its motion, Iaccarino is trying to prevent Wausau from litigating the coverage issues in the forum of Wausau's choosing. Iaccarino is trying to stay the Federal Action based upon its attempt to belatedly bring Wausau into these proceedings. This Court should not countenance Iaccarino's posturing, which represents a thinly veiled attempt to delay the determination of the coverage issues.

Given the narrow scope of the coverage issues, the Federal Action is proceeding on a faster track than this action. In the Federal Action, Wausau contends that it has no duty to defend and indemnify Iaccarino in the Backcharges and Defective HVAC System. Wausau believes that this issue can be decided on summary judgment after some limited and focused discovery. Wausau should not be dragged into these proceedings where the coverage issues can and should be addressed in first filed Federal Action. It bears noting that Iaccarino's proposed third-party claims against Wausau would have to be severed given the collateral source rule, which would only serve to further delay the resolution of the coverage issues.

Accordingly, Wausau will be prejudiced if it is deprived from having the coverage issues resolved in the first filed Federal Action.

### CONCLUSION

Since the Federal Action was first filed, since Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been brought in the Federal Action, and since Wausau will be prejudiced, this Court should deny Iaccarino's motion for leave to file a third-party complaint.

EMPLOYERS INSURANCE COMPANY OF WAUSAU
By its attorneys,


_____
James E. Harvey, Jr./BBO #224920
John F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
Tel: 617-357-5544
Fax: 617-204-3477

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail on the date shown below.

Date 1/7/05    _____