# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-1659C

R.W. GRANGER & SONS, INC. )
)
)
Plaintiff (s) )
)
V. )   SUMMONS
)
KMD MECHANICAL CORP. and )
IACCARINO & SONS, INC. )
)
Defendant (s) )

\* To the above-named Defendant: Iaccarino & Sons, Inc.

You are hereby summoned and required to serve upon John W. DiNicola, II Holland & Knight LLP ....................., plaintiff's attorney, whose address is 10 St. James Avenue, Boston, MA 02116 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the ......26th........ day of ............August..............in the year of our Lord two thousand and .....three.........

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.
SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.
03-1659C

R.W. GRANGER & SONS, INC.,

Plaintiff,

v.

KMD MECHANICAL CORP. and
IACCARINO & SONS, INC.,

Defendants.

RECEIVED
AUG 22 2003
CLERK OF COURTS
WORCESTER COUNTY

## COMPLAINT

Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned counsel, by way of Complaint against Defendant KMD Mechanical Corp. ("KMD") and Defendant Iaccarino & Sons, Inc. ("Iaccarino"), states as follows:

### PARTIES

1. Granger is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 415 Boston Turnpike, Shrewsbury, Massachusetts.

2. Granger is engaged in the construction industry as a general contractor.

3. Upon information and belief, KMD is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 310A Southwest Cutoff, Worcester, Massachusetts.

4. KMD is engaged in the construction industry as a mechanical subcontractor.

5. Upon information and belief, Iaccarino is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 200 Shrewsbury Street, Boylston, Massachusetts.

6. Iaccarino is engaged in the construction industry as a millwork subcontractor.

## FACTS

7. On or about May 16, 2000, the Town of Shrewsbury and Granger entered into a general contract for the construction of the Shrewsbury High School on Holden Street, Shrewsbury, Massachusetts (the "Project") for an original contract price of $43,207,000. Under the general contract, Granger agreed to substantially complete the Project on or before June 15, 2002.

8. Granger and KMD entered into a subcontract, pursuant to which KMD was to install the building heating, ventilating, and air conditioning ("HVAC") system on the Project.

9. On September 3, 2002, the architect on the Project issued a Certificate of Substantial Completion indicating that the "HVAC system in its entirety" was incomplete or defective.

10. Upon information and belief, KMD negligently, and in breach of the subcontract installed a defective automatic air volume damper on the Project.

11. Granger and Iaccarino entered into a subcontract, pursuant to which Iaccarino was to install the millwork on the Project.

12. Upon information and belief, Iaccarino negligently, and in breach of the subcontract, among other things, used a glue to manufacture the millwork that was insufficient for the use intended.

13. As a result of KMD's negligence and breach of the subcontract, the HVAC system did not function properly and on or about December 4, 2002 the temperature in the auditorium of the Shrewsbury High School rose to approximately 140 degrees Fahrenheit, causing catastrophic heat damage to the auditorium, including the millwork.

14. As a result of Iaccarino's negligence and breach of the subcontract, the millwork suffered damage on or about December 4, 2002, in that Iaccarino, among other things, provided and installed insufficient glue to withstand the conditions in the auditorium.

## COUNT I
### (Negligence – KMD)

15. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 14 of the Complaint as if set forth in full herein.

16. As a subcontractor on the Project, KMD owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

17. As more fully described above, KMD negligently installed a defective automatic air volume damper on the Project.

18. As a direct and proximate result of KMD's negligence, the HVAC system did not function properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count I, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT II
### (Breach of Contract – KMD)

19. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20. As set forth in detail above, KMD has breached the subcontract.

21. As a proximate cause of KMD's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count II, awarding it damages incurred on account of such breach of contract, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT III
### (Negligence – Iaccarino)

22. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth in full herein.

23. As a subcontractor on the Project, Iaccarino owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

24. As more fully described above, Iaccarino negligently installed the millwork on the Project.

25. As a direct and proximate result of Iaccarino's negligence, the glue did not perform properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count III, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT IV
### (Breach of Contract – Iaccarino)

26. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 25 of the Complaint as if set forth in full herein.

27. As set forth in detail above, Iaccarino has breached the subcontract.

28. As a proximate cause of Iaccarino's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count IV, awarding it damages incurred on account of such breach of contract,

plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

Dated: August 20, 2003

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: _____
Robert V. Lizza (BBO#302410)
John W. DiNicola, II (BBO#629618)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

BOS1 #1338902 v2