

EXHIBIT 3

**RW Granger & Sons, Inc.**
**Estimated Total Auditorium Claim**

| Vendor | Commitment | Paid to Date | Estimated Cost to Complete | Total |
|---|---|---|---|---|
| Millwork One | 557,513 | 490,095 | 67,418 | 557,513 |
| Sunshine Cleaning | | 800 | | 800 |
| NES Rentals | | 192 | | 192 |
| RWG Labor | | 8,756 | 1,443 | 10,199 |
| Ralph's Blacksmith | | - | 1,600 | 1,600 |
| Fire Suppresions Systems of NE | | 942 | 800 | 1,742 |
| Coghlin Electrical | | | 2,063 | 2,063 |
| Total | 557,513 | 500,785 | 73,324 | 574,109 |
| Overhead | | | 10.0% | 57,411 |
| Total | | | | 631,520 |

8.3

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL ACTION NO. 2003-
01721

| VALLEY FORGE INSURANCE COMPANY, |
| Plaintiff, |
| v. |
| R.W. GRANGER & SONS, INC., |
| Defendant. |

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
1/26/04

## SUPPLEMENTAL AFFIDAVIT OF ERNEST E. O'BRIEN

1.   My name is Ernest E. O'Brien. I am president of R.W. Granger & Sons, Inc. ("Granger"), of Shrewsbury, Massachusetts. I make this Supplemental Affidavit in support of Granger's claim against Valley Forge Insurance Company for indemnification arising out of property damage at the Shrewsbury High School (the "School").

2.   As described in my Affidavit dated November 21, 2003, on December 3, 2002, a controller that adjusted the heating output for an air handler unit malfunctioned, causing the temperature in the School's auditorium (the "Auditorium") to rise to 135 degrees F. The heat damaged the plastic laminate panels in the Auditorium, causing some to delaminate, and causing some of the plastic laminate to fall off of the flat panels (called "clouds") which are suspended from the ceiling. (My November 21, 2003 affidavit mistakenly said that some panels fell from the ceiling. Rather, it was the

plastic laminate on the panels that fell.  Also, my November 21, 2003 affidavit mistakenly said that the panels in the Auditorium were installed by Iaccarino.  They were installed by Granger.)

     3.     The plastic laminate panels that were damaged were made by Granger's subcontractor, Iaccarino & Son, Inc. ("Iaccarino").  Granger did not participate in any manner in the fabrication of the panels or in the selection of adhesive for the panels.  (Iaccarino used an adhesive to attach the plastic laminate to the panels.)

     4.     Iaccarino was a subcontractor of Granger.  Granger contracted with Iacarrino to construct, and Iacarrino did construct, a definite, substantial part of the work at the School, pursuant to the plans and specifications of Granger's contract with the Town of Shrewsbury (the "Town") for the construction of the School (the "Contract").  Copies of the Purchase Order and Change Orders relating to Iacarrino's work are attached as Exhibit 1.  The Contract between Granger and the Town called for specially designed panels, cabinets and other millwork for the School.  The items that Iaccarino constructed, including the panels for the Auditorium, were custom-made and were not available through ordinary building suppliers.  Iaccarino came to the job site, including the Auditorium, to take measurements, in order to construct the millwork in accordance with the contract plans and specifications.  Iaccarino also came to the job site to consult with Granger concerning the installation of some of the millwork.  Granger paid Iaccarino over $800,000.

5.  Iaccarino also recommended to the Town's architect, Lamoureax Pagano & Associates, Inc., a substitution concerning the panels in the Auditorium. The Contract plans had called for a border of extruded aluminum around the panels. Iaccarino recommended, instead, plastic reveal strips and edges. The architect accepted Iaccarino's recommendation.

6.  The document attached as Exhibit 2 is Iaccarino's proposed substitution for the plastic laminate panel edges and reveals in the Auditorium. As reflected on Exhibit 2, the proposed substitution was reviewed by Granger, and initialed by Brian Kelley, a project manager at Granger. Iaccarino is the "Sub Contractor" to which Granger refers in its "Shop Drawing Review" on Exhibit 2.

Signed under the penalties of perjury on January __, 2004.

_____
Ernest E. O'Brien

# 1526818_v1

CERTIFICATION OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (hand) on 1/23/04
Martha Bu

## PURCHASE ORDER

# R.W. GRANGER AND SONS, INC.
### 415 BOSTON TURNPIKE, SHREWSBURY, MA 01545



EXHIBIT 1

Address all invoices, statements and correspondence on this order to us at
415 Boston Turnpike
Shrewsbury, MA 01545

Vendor: Iaccarino & Sons, Inc.
Address: 300 Shrewsbury St., Boylston, MA 01505
Deliver or ship to:
at: Holden St., Shrewsbury, MA
Care of: R.W. Granger & Sons, Inc. / Harry Cummings

Name of Job: Shrewsbury High School, Shrewsbury, MA
P.O. No.: P-798-019-00
(THESE NUMBERS MUST APPEAR ON ALL INVOICES, CORRESPONDENCE AND SHIPPING MEMOS)
Ordered: 12/15/00
Required: As Directed by Project Manager Brian Kelly

**IMPORTANT - EACH ORDER MUST HAVE A SEPARATE INVOICE**

Furnish FOB job site, product(s) (material and/or equipment) per Section(s) of project specification that follows:

| ITEM NO. | DESCRIPTION OF MATERIAL | UNIT PRICE | AMOUNT |
|---|---|---|---|
| | Furnish FOB jobsite the millwork, woodwork, wood trims & casework per sections #06200 Finish Carpentry and #06400 Architectural Woodwork, complete and ready for installation by others. See Attached Scope. | | $800,000.00 |
| | Cost Code: 06-3100 | | |

"RIGHT TO KNOW": Each supplier is required to implement the provisions of Chapter 470 of the Acts of 1983 of the General Laws of Massachusetts, the so-called "Right to Know" law, upon its effective date. When furnishing any material listed on the Massachusetts Substance List, the supplier will furnish the required Material Safety Data Sheet together with appropriate labels and employee training or instruction material for that substance."
SUBMITTALS: Product(s) is subject to submittal approval process by architect and this office. Forward six (6) copies of layout drawings, catalog cut sheets, specifications, schedules and/or samples for review.
PROJECT DOCUMENTS: Purchase order based upon project documents (plans, specifications, accepted alternate 1-3 and addendum 1-6) as prepared Lamoureux, Pagano and Associates, Inc.
AMOUNT OF PURCHASE ORDER: Total amount will not be exceeded without written authorization and/or change order. Sign and return Acknowledgement Acceptance Copy to our office (required prior to payment of invoicing). Quantity(s) is as required by the project documents.
ATTACHMENTS HERETO: ST-5C Tax Exemption Certificate; Substitute Form W-9; Notice to subcontractors & suppliers (reductions & changes); Requisition form, Requisition additions; Project directions & telephone numbers.

The Vendor herewith accepts exclusive liability for the payment of any and all sales or use tax.

**R.W. GRANGER AND SONS, INC.**

By _____

Purchase Order #P-798-019-00
Iaccarino & Sons, Inc.

### Shrewsbury High School
64 Holden Street, Shrewsbury, MA

A. **Purchase Order Scope of Work:**
   - *Scope is generally described as follows:*
   Furnish FOB jobsite the millwork, woodwork, wood trims & casework per sections #06200 Finish Carpentry and #06400 Architectural Woodwork complete and ready for installation by others.
   - *Scope includes:*
   #06200 = Standing and running trims, moldings and sills
   #06400 = Custom casework, wood and plastic laminate paneling systems; plastic laminate countertops, sills and wall caps; solid surfacing countertops, sills and wall caps; epoxy resin tops at art studios, cabinet hardware, custom fabricated revel channel screed (trim), auditorium clouds and batten system; specialty woods door frames, access panels at coiling doors, display cases, ballet barre, other miscellaneous woodwork shown, etc. but not limited to the aforementioned.
   #06400 = Shelving hardware, extra materials 1.08,
   #06200 & #06400 = Millwork shall be provided as assembled as possible to ease field handling and installation. Priming and finishing systems as specified.
   - *Scope excludes:*
   Glass & glazing, electrical, FRP enclosures, laboratory and darkroom casework, locker room benches, cement board systems, epoxy tops other than shown in #06400, metal or fabric covered panels other than display units.

B. **Contract Documents (35 pages):**
   - Attached: #00010 - Table of Contents (Project Manual) (5/515/2000) (10 pages; #00015 – List of Drawings (5/15/2000) (22 pages); #01030 - List of Alternates (2/28/200 w/ Add #1) All accepted by owner (2 pages); and Listing of Addendum issued (5/11/2000) (1 page).

C. **IRS Form W-9 (1 page).**
   - Complete IRS Form W-9 or attached substitute W-9 form.

D. **#01300 Submittals (12 pages) & 01420 Mock-ups (3 pages).**
   - *Note: Follow the submittal & mock-up procedures outlined.*
   - Attached: Substitution request form for any product being submitted as "or equal" (1 page).
   - *Note: "Schedule of Values" is required within 30 days from issuance of this contract and prior to first requisition for review and approval.*
   - *Note: Submittals are required as soon as possible but not later than 30 days from issuance of this contracts.*
   - *Note: Copies of any permit and sign-off should be provided to this office for our record & file.*
   - *Note: Mock-ups should be arranged with field personnel.*

E. **Tax Exempt Project (1 page).**
   - Attached: Find a MA ST-5C for your files and use.

F. **Notice to Subcontractors & Suppliers (7 pages).**
   - Attached: "NOTICE TO SUBCONTRACTORS AND SUPPLIERS" (1 page). Covering invoicing (requisitions), change orders and T&M work for your review and files.
   - Attached: Sample requisition & change order forms (4 pages) for your review, use and files.
   - Attached: Requisition Form (for your use).
   - *Note: Signed original requisition with supporting back up (copy attached form) is required by accounting department before payment will be made.*
   - *Note: No payments will be processed or made unless all contract requirements are fulfilled.*

### "Right To Know"

"Each supplier is required to implement the provisions of Chapter 470 of the Acts upon its effective date. When furnishing any materials listed on the Massachusetts Substance List, the supplier will furnish the required Material Safety Data Sheet, together with appropriate labels and employee training or instruction material for that substance."

## Contract Sum: Eight Hundred Thousand Dollars ($800,000)

Iaccarino & Sons, Inc.                                R. W. Granger & Sons, Inc.

_____        _____

Date:_____            Date:_____

## End of Purchase Order Scope

*Attachments follow*

0176

# R.W. GRANGER & SONS INC.

# CHANGE ORDER

415 Boston Turnpike, 3rd Floor
Shrewsbury, MA 01545

TO
Iaccarino & Son
200 Shrewsbury St.
Boylston, MA 01505
Attn:

| | |
|---|---|
| Number | P-798-019-01 |
| PHONE | DATE 7/5/02 |
| JOB NAME/LOCATION | Shrewsbury High School Shrewsbury, MA |
| JOB NUMBER 798 | JOB PHONE |
| EXISTING CONTRACT NO. P-798-019-00 | DATE OF EXISTING CONTRACT |

We hereby agree to make the change(s) specified below:

For Computer Use: 06-3100

**ADD:**   $28,000.00

Factory assemble side auditorium wall baffle units & ceiling clouds.t

**RECEIVED**
JUL 19 2002
R.W. GRANGER

Reference:
1. Iaccarino & Sons Change #2 dated 3/5/02
2. RWG Letter dated 4/10/02

COST CODE: 06-3100

NOTE: This Change Order becomes part of and in conformance with the existing contract.

| | | |
|---|---|---|
| WE AGREE hereby to make the change(s) specified above at this price ⇨ ADD | $ | 28,000 00 |
| DATE July 8, 2002     BK/jn    PREVIOUS CONTRACT AMOUNT | $ | 800,000 00 |
| AUTHORIZED SIGNATURE (CONTRACTOR)    REVISED CONTRACT TOTAL | $ | 828,000 00 |

**ACCEPTED** — The above prices and specifications of this Change Order are satisfactory and are hereby accepted. All work to be performed under same terms and conditions as specified in original contract unless otherwise stipulated.

Date of acceptance    July 17, 2002

Signature /s/ William Martellotta, Vice President of Operations (OWNER)

# CHANGE ORDER

**R.W. GRANGER & SONS INC.**
Turnpike Station
P.O. Box 4265
Shrewsbury, MA 01545-8265

Number  P-798-019-02

RECEIVED
OCT 11 2002
R.W. GRANGER

| PHONE | DATE |
| --- | --- |
|  | 9/27/02 |
| JOB NAME/LOCATION | |
| Shrewsbury High School | |
| JOB NUMBER Shrewsbury, MA | JOB PHONE |
| 798 | |
| EXISTING CONTRACT NO. | DATE OF EXISTING CONTRACT |
| P-798-019-00 | |

TO
Iaccarino & Son
200 Shrewsbury St.
Boylston, MA 01505
Attn:

We hereby agree to make the change(s) specified below:

For Computer Use: 17-0144

**ADD:** $2,300.00

Modify Art Room sink cabinets & epoxy counter tops as per CCD #24 dated 3/5/02

APPROVED OCT 1 5 2002

Reference:
1. RWG COP #144 dated 7/5/02
2. Iaccarino & Sons Change #3 dated 3/8/02 & #4 dated 3/22/02

COST CODE: 17-0144

NOTE: This Change Order becomes part of and in conformance with the existing contract.

**WE AGREE** hereby to make the change(s) specified above at this price   ADD $ 2,300.00

DATE September 30, 2002   BK/jn
AUTHORIZED SIGNATURE (CONTRACTOR)

| PREVIOUS CONTRACT AMOUNT | $ 828,000.00 |
| --- | --- |
| REVISED CONTRACT TOTAL | $ 830,300.00 |

**ACCEPTED** — The above prices and specifications of this Change Order are satisfactory and are hereby accepted. All work to be performed under same terms and conditions as specified in original contract unless otherwise stipulated.

Date of acceptance  10-8-02

Signature _____ (OWNER)

**R.W. GRANGER & SONS INC.**
415 Boston Turnpike
Shrewsbury, MA 01545-8265

# CHANGE ORDER

Number __P-798-019-03__

| PHONE | DATE |
|---|---|
| 5/10/03 | 9/27/02 |

JOB NAME/LOCATION: Shrewsbury High School, Shrewsbury, MA

JOB PHONE: 

EXISTING CONTRACT NO.: P-798-019-00

DATE OF EXISTING CONTRACT:

TO

Iaccarino & Son
200 Shrewsbury St.
Boylston, MA 01505
Attn:

We hereby agree to make the change(s) specified below:

For Computer Use: 03

17-0151

**ADD:** $2,100.00

Presentation Room display case millwork revisions as per CCD #25 dated 3/16/02



RECEIVED
JUN 20 2003
R.W. GRANGER

Reference:
1. RWG COP #151
2. Iaccarino Proposal #5 dated 3/27/02
3. OCO #19

RECEIVED
JUN 18 2003

COST CODE: 17-0151

NOTE: This Change Order becomes part of and in conformance with the existing contract.

**WE AGREE** hereby to make the change(s) specified above at this price ➪  ADD  $ 2,100.00

DATE: May 13, 2003    BK/jn

PREVIOUS CONTRACT AMOUNT  $ 830,300.00
REVISED CONTRACT TOTAL  $ 832,400.00

AUTHORIZED SIGNATURE (CONTRACTOR)

**ACCEPTED** — The above prices and specifications of this Change Order are satisfactory and are hereby accepted. All work to be performed under same terms and conditions as specified in original contract unless otherwise stipulated.

Date of acceptance: June 19, 2003

Signature: _____ (OWNER)



February 28, 2000

SHREWSBURY HIGH SCHOOL
HOLDEN STREET
SHREWSBURY, MASSACHUSETTS 01545

2.04    EPOXY RESIN

  A.   Scope: Furnish and install epoxy resin countertops at Room Nos. D302, D303, D304, D306, D311, D313, and D314. All other epoxy resin countertop installations are specified under Section 12305: Manufactured Casework.

  B    Epoxy Resin manufacturer: Provide epoxy resin materials that meet or exceed specified requirements from the following manufacturer, or Architect approved equal:

    1. Durcon Company (Canton, Michigan; tel.:734.455.4520).

  C.   Epoxy Resin Material: Material shall be monolothic and molded from a modified epoxy resin (1" nominal thickness).

  D.   Finish: Standard finish shall be non-glaring. Architect shall color select from full range of available colors (i.e. minimum of grey, white or black).

  E.   Exposed edges and corners shall be radiused, and a drip groove (1/8" wide x 1/8" deep) shall be provided on the under surface in areas where sinks are installed. The backplsah shall be 1/2" thickness and four (4) inches high, except at Room No. D303, where the backsplash shall extend eighteen (18) inches above the countertop.

2.05    REVEAL CHANNEL SCREED

  A.   Reveal channel screed, where identified and/or delineated on the drawings in combination with architectural paneling (plastic laminate) systems, shall be Fry Reglet Reveal Channel Screed as manufactured by the Fry Reglet Corporation (Alhambra, CA, tel.: 800.237.9773) and comply with the following:

    1. Material: Aluminum extruded alloy 6063 T5, unless otherwise specified.

    2. Color: Silicone polyester enamel custom color.

    3. Sizes: Reveal depth and widths shall be as identified on the drawings, including "x", "f" and "t" molding shapes.

    4. All intersections shall be specially fabricated to include mitered details and welded connections.

2.06    CABINET HARDWARE

  A.   Cabinet Door Hinges:

    1. Hinges at Doors with Wood Veneer Face Finish: Heavy duty, institutional type, 5 knuckle hospital tipped, stainless steel, unless otherwise specifically noted on the drawings. Equal to No. 374SS by Rockford Process Control, Inc. (RPC). Provide cabinet door catches with 5 knuckle hinges.

    Provide number of hinges per door as follows:

    a. Door height 36 in. or less: Two (2) hinges per door.
    b. Door height over 36 in. and up to 65 in.: Three (3) hinges per door.
    c. Door height over 65 in. and up to 84 in.: Four (4) hinges per door.
    d. Door height over 84 in.: Five (5) hinges per door.

1b

ARCHITECTURAL WOODWORK                                      06400 - 11



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.
03-1021

R.W. GRANGER & SONS, INC.,

    Plaintiff,

v.

TOWN OF SHREWSBURY, IACCARINO & SONS, INC., BARON INDUSTRIES, INC., BASS ASSOCIATES, ISLAND INTERNATIONAL INDUSTRIES, INC., KMD MECHANICAL CORPORATION, COGHLIN ELECTRIC CONTRACTORS, INC., BONOMO TILE CO., INC., PRUDENTIAL DOOR & WINDOW CO., INC., DAVE GARDNER CONTRACTING & SUPPLY, EMANOUIL BROTHERS, INC., and KDK ENTERPRISES, INC.,

    Defendants.

FIRST AMENDED COMPLAINT

Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned counsel, by way of Complaint against Defendant Town of Shrewsbury (the "Town"), Defendant Iaccarino & Sons, Inc. ("Iaccarino"), Defendant Baron Industries, Inc. ("Baron"), Defendant Bass Associates ("Bass"), Defendant Island International Industries, Inc. ("Island"), Defendant KMD Mechanical Corporation ("KMD"), Defendant Coghlin Electric Contractors, Inc. ("Coghlin"), Defendant Bonomo Tile

Co., Inc. ("Bonomo"), Defendant Prudential Door & Window Co., Inc. ("Prudential"), Defendant Dave Gardner Contracting & Supply ("Gardner"), Defendant Emanouil Brothers, Inc. ("Emanouil"), Defendant KDK Enterprises, Inc. ("KDK"), states as follows:

## PARTIES

1. Granger is a corporation organized and existing of the laws of the Commonwealth of Massachusetts and has its usual place of business in Shrewsbury, Massachusetts, Worcester County.

2. Upon information and belief, the Town is a municipality of the Commonwealth of Massachusetts.

3. Upon information and belief, Iaccarino is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Boylston, Massachusetts and is engaged in the construction industry as a millwork subcontractor.

4. Upon information and belief, Baron is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Burlington, Massachusetts and is engaged in the construction industry as a doors and grilles subcontractor.

5. Upon information and belief, Bass is a corporation organized and existing of the laws of the Commonwealth of Massachusetts with its principal place of business in Lynn, Massachusetts and is engaged in the construction industry as a metal wall panel subcontractor.

2