COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, ss.                                      CIVIL ACTION NO. 03-01021-A

R.W. GRANGER & SON, INC.,           )
    Plaintiff,                                )
                                                     )
v.                                                   )
                                                     )
TOWN OF SHREWSBURY, ET AL.,         )
    Defendants.                            )

Consolidated with:

R.W. GRANGER & SON, INC.,           )      CIVIL ACTION NO 03-1659-C
    Plaintiff,                                )
                                                     )
v.                                                   )
                                                     )
IACCARINO & SON, INC.,              )
    Defendant,                             )
                                                     )
and                                                  )
                                                     )
KMD MECHANICAL CORP.,               )
    Defendant/Third-Party Plaintiff,   )
                                                     )
v.                                                   )
                                                     )
JOHNSON CONTROLS, INC.,             )
    Third-Party Defendant.             )

**OPPOSITION OF EMPLOYERS INSURANCE COMPANY OF WAUSAU TO DEFENDANT IACCARINO & SON, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**
**(ORAL ARGUMENT REQUESTED)**

---

Employers Insurance Company of Wausau ("Wausau") opposes Defendant Iaccarino & Son, Inc.'s ("Iaccarino") motion for leave to file a third-party complaint for three reasons. First, in July

2004, Wausau filed its coverage action against Iaccarino in the federal district court in Worcester, Massachusetts. Accordingly, since that federal action was first filed, this Court should deny Iaccarino's motion. Second, Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been asserted in the federal action. Therefore, this Court should not permit Iaccarino to assert them in these consolidated actions. Third, Wausau will be prejudiced by the allowance of Iaccarino's motion as it is an thinly disguised attempt to force Wausau to litigate the coverage issues in state court rather than the federal forum it selected.

## BACKGROUND

1. On July 6, 2004, Wausau commenced a coverage action against Iaccarino by filing its Complaint on July 6, 2004 in the United States District Court for the District of Massachusetts in Worcester, Massachusetts (the "Federal Action"). (A copy of Wausau's Complaint is attached hereto as Exhibit 1. A copy of the Docket Sheet for the federal declaratory judgment action is attached hereto as Exhibit 2.) By way of the Federal Action, Wausau seeks a declaration that it has no duty to defend or indemnify Iaccarino under a Commercial General Liability Policy having Policy No. TBC-Z91-425443-022 for the policy period from January 28, 2002 to January 28, 2003 (the "Wausau CGL Policy") in the two consolidated actions pending in this Court -- (1) *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01021 (the "Backcharges Action"), and (2) *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01659 (the "Defective HVAC System Action"). Wausau's federal coverage action was brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq*. Jurisdiction in the United States District Court is proper under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

2. On August 25, 2004, Iaccarino filed its Answer to Wausau's Complaint in the Federal Action. Significantly, Wausau did not assert any counterclaims in its Answer.

3. On December 10, 2004, Iaccarino filed a motion to stay the Federal Action. Wausau has opposed that Motion.

4. Simultaneously with the filing of its motion to stay the Federal Action, Iaccarino served its motion for leave to file a third-party complaint in these consolidated actions. By way of its proposed third-party complaint, Iaccarino seeks a declaration that Wausau has a duty to defend and indemnify it under the Wausau CGL Policy in the Backcharges and Defective HVAC Systems Actions.

## ARGUMENT

**I. Wausau's Federal Action Was First Filed; Accordingly, this Court Should Deny Iaccarino's Motion for Leave to File a State Court Action Regarding the Same Coverage Issues.**

By way of its proposed third-party complaint against Wausau, Iaccarino seeks to address the identical coverage dispute at issue in the earlier filed Federal Action. In so doing, Iaccarino is improperly trying to deprive Wausau of its choice of forum for litigation of the coverage dispute. Wausau properly filed the Federal Action on the basis of diversity of citizenship. *See generally Aetna Cas. and Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (6th Cir. 1992) ("[w]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage").

The plaintiff's selection of a forum in a first filed action is generally preferred. *Seidman v. Central Bancorp, Inc.*, 15 Mass. L. Rptr. 642, 2003 WL 369678 (Mass. Super. Ct., Feb. 3, 2003) (Van Gestel, J.), *citing Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). (A copy of Judge Van Gestel's decision in *Seidman* is attached hereto as Exhibit 3.) Furthermore,

3

"[t]he general rule is that where there is concurrent jurisdiction in two or more court units, whether such court units be in the same or in different States, the court whose jurisdiction first attaches over the proceeding, may hear and dispose of it to the exclusion of the other courts." Nolan and Henry, Civil Practice, 9 M.P.S. § 3.13 at 97 (2004).

If the Federal Action were pending in another court of the Commonwealth, Mass. R. Civ. P. 12(b)(9) would require its dismissal. *Seidman*, 15 Mass. L. Rptr. 642. However, the United States District Court is not a court of the Commonwealth. *Id., citing Doe v. Governor*, 381 Mass. 702, 706 (1980). Nevertheless, as the *Seidman* court noted, Rule 12(b)(9) remains instructive. When presented with an earlier filed federal action, the state court should defer to that action. As Judge Van Gestel concluded:

> While Rule 12(b)(9) may not be a proper vehicle for dismissal of the two cases here because the prior pending action is not in a court of the Commonwealth, there certainly is no reason to proceed further with those actions until there is some indication -- which there is absolutely none now -- that matters are not moving forward in the Federal Court.

*Id*.

Here, since the Federal Action was the first filed action, this Court should deny Iaccarino's motion for leave to file its third-party complaint against Wausau relating to the same coverage issues. By seeking to file a third-party complaint, Iaccarino is improperly seeking to deprive Wausau of its choice of forum. This Court should not permit that.

**II. The Third-Party Claims Iaccarino Seeks to Assert Should Have Been Brought as Compulsory Counterclaims in the Federal Action; Therefore, This Court Should Deny Iaccarino's Motion.**

Iaccarino's proposed third-party claims are essentially the mirror image of Wausau's coverage

4

claims in the Federal Action. Accordingly, Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been brought in the Federal Action.

Fed. R. Civ. P. 13(a) provides, in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .[1]

It is clear from the plain language of Rule 13(a) that a defendant must plead all of the claims that it has against an opposing party that arise out of the "transaction or occurrence that is the subject matter of the opposing party's claim" as counterclaims in the first filed action. Here, there can be no question but that Iaccarino's proposed third-party claims are compulsory counterclaims within the meaning of Rule 13(a) since they mirror Wausau's coverage claims in the Federal Action. Failure to raise a compulsory counterclaim typically bars assertion of the claim in a subsequent action. *National Lumber Co. v. Canton Inst. for Savings*, 56 Mass. App. Ct. 186, 187 (2002). *See Carteret Savings & Loan Ass'n v. Jackson*, 812 F.2d 36 (1st Cir. 1987).

Accordingly, since Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been asserted in the Federal Action, this Court should not permit

---

[1] Mass. R. Civ. P. 13(a) similarly provides, in pertinent part:

> A pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not either require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction or constitute an action required by law to be brought in a county or judicial district . . . other than the county or judicial district in which the court is sitting. . . .

5

Iaccarino to assert them and should deny Iaccarino's motion.

### III. Wausau Will Be Prejudiced by the Allowance of Iaccarino's Motion.

By filing its motion, Iaccarino is trying to prevent Wausau from litigating the coverage issues in the forum of Wausau's choosing. Iaccarino is trying to stay the Federal Action based upon its attempt to belatedly bring Wausau into these proceedings. This Court should not countenance Iaccarino's posturing, which represents a thinly veiled attempt to delay the determination of the coverage issues.

Given the narrow scope of the coverage issues, the Federal Action is proceeding on a faster track than this action. In the Federal Action, Wausau contends that it has no duty to defend and indemnify Iaccarino in the Backcharges and Defective HVAC System. Wausau believes that this issue can be decided on summary judgment after some limited and focused discovery. Wausau should not be dragged into these proceedings where the coverage issues can and should be addressed in first filed Federal Action. It bears noting that Iaccarino's proposed third-party claims against Wausau would have to be severed given the collateral source rule, which would only serve to further delay the resolution of the coverage issues.

Accordingly, Wausau will be prejudiced if it is deprived from having the coverage issues resolved in the first filed Federal Action.

### CONCLUSION

Since the Federal Action was first filed, since Iaccarino's proposed third-party claims are, in reality, compulsory counterclaims that should have been brought in the Federal Action, and since Wausau will be prejudiced, this Court should deny Iaccarino's motion for leave to file a third-party complaint.

EMPLOYERS INSURANCE COMPANY OF WAUSAU
By its attorneys,

*/s/ James E. Harvey, Jr.*
James E. Harvey, Jr./BBO #224920
John F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
Tel: 617-357-5544
Fax: 617-204-3477

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail on the date shown below.

Date 1/7/05    */s/ James E. Harvey, Jr.*

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-1659C

R.W. GRANGER & SONS, INC.

Plaintiff(s)

v.

KMD MECHANICAL CORP. and
IACCARINO & SONS, INC.

Defendant(s)

**SUMMONS**

\* To the above-named Defendant: Iaccarino & Sons, Inc.

You are hereby summoned and required to serve upon ...John W. DiNicola, II Holland & Knight LLP......................................................................., plaintiff's attorney, whose address is ..10 St. James Avenue, Boston, MA 02116............................... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the........26th......... day of ................August..........................................in the year of our Lord two thousand and ......three...........

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO.
03-1659C

R.W. GRANGER & SONS, INC.,

    Plaintiff,

v.

KMD MECHANICAL CORP. and
IACCARINO & SONS, INC.,

    Defendants.

RECEIVED
AUG 2 2 2003
CLERK OF COURTS
WORCESTER COUNTY

## COMPLAINT

Plaintiff, R.W. Granger & Sons, Inc. ("Granger"), through its undersigned counsel, by way of Complaint against Defendant KMD Mechanical Corp. ("KMD") and Defendant Iaccarino & Sons, Inc. ("Iaccarino"), states as follows:

### PARTIES

1. Granger is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 415 Boston Turnpike, Shrewsbury, Massachusetts.

2. Granger is engaged in the construction industry as a general contractor.

3. Upon information and belief, KMD is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 310A Southwest Cutoff, Worcester, Massachusetts.

4. KMD is engaged in the construction industry as a mechanical subcontractor.

5. Upon information and belief, Iaccarino is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 200 Shrewsbury Street, Boylston, Massachusetts.

6. Iaccarino is engaged in the construction industry as a millwork subcontractor.

## FACTS

7. On or about May 16, 2000, the Town of Shrewsbury and Granger entered into a general contract for the construction of the Shrewsbury High School on Holden Street, Shrewsbury, Massachusetts (the "Project") for an original contract price of $43,207,000. Under the general contract, Granger agreed to substantially complete the Project on or before June 15, 2002.

8. Granger and KMD entered into a subcontract, pursuant to which KMD was to install the building heating, ventilating, and air conditioning ("HVAC") system on the Project.

9. On September 3, 2002, the architect on the Project issued a Certificate of Substantial Completion indicating that the "HVAC system in its entirety" was incomplete or defective.

10. Upon information and belief, KMD negligently, and in breach of the subcontract installed a defective automatic air volume damper on the Project.

11. Granger and Iaccarino entered into a subcontract, pursuant to which Iaccarino was to install the millwork on the Project.

12. Upon information and belief, Iaccarino negligently, and in breach of the subcontract, among other things, used a glue to manufacture the millwork that was insufficient for the use intended.

13. As a result of KMD's negligence and breach of the subcontract, the HVAC system did not function properly and on or about December 4, 2002 the temperature in the auditorium of the Shrewsbury High School rose to approximately 140 degrees Fahrenheit, causing catastrophic heat damage to the auditorium, including the millwork.

14. As a result of Iaccarino's negligence and breach of the subcontract, the millwork suffered damage on or about December 4, 2002, in that Iaccarino, among other things, provided and installed insufficient glue to withstand the conditions in the auditorium.

## COUNT I
### (Negligence – KMD)

15. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 14 of the Complaint as if set forth in full herein.

16. As a subcontractor on the Project, KMD owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

17. As more fully described above, KMD negligently installed a defective automatic air volume damper on the Project.

18. As a direct and proximate result of KMD's negligence, the HVAC system did not function properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count I, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT II
### (Breach of Contract – KMD)

19. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20. As set forth in detail above, KMD has breached the subcontract.

21. As a proximate cause of KMD's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count II, awarding it damages incurred on account of such breach of contract, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT III
### (Negligence – Iaccarino)

22. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth in full herein.

23. As a subcontractor on the Project, Iaccarino owed a duty to Granger to perform its contractual obligations in a good and workmanlike manner, without causing injury to the property on the Project.

24. As more fully described above, Iaccarino negligently installed the millwork on the Project.

25. As a direct and proximate result of Iaccarino's negligence, the glue did not perform properly, the Project suffered serious property damage and delay, and Granger has suffered damages in an amount to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count III, awarding it damages incurred on account of such negligence, plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

## COUNT IV
### (Breach of Contract – Iaccarino)

26. Granger restates and incorporates by reference the allegations contained in paragraphs 1 through 25 of the Complaint as if set forth in full herein.

27. As set forth in detail above, Iaccarino has breached the subcontract.

28. As a proximate cause of Iaccarino's breach of the subcontract, Granger has sustained damages in an amount yet to be determined.

WHEREFORE, Granger prays that the Court grant judgment in its favor on this Count IV, awarding it damages incurred on account of such breach of contract,

plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and appropriate.

Dated: August 20, 2003

R.W. GRANGER & SONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

By: *[signature]*
Robert V. Lizza (BBO#302410)
John W. DiNicola, II (BBO#629618)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

BOS1 #1338902 v2