UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127FDS

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY<br>OF WAUSAU<br>    Plaintiff,<br>v.<br><br>IACCARINO & SON, INC., R.W. GRANGER<br>& SONS, INC., and KMD MECHANICAL<br>CORPORATION<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND JURY DEMAND**
**(ORAL ARGUMENT REQUESTED)**

The plaintiff Employers Insurance Company of Wausau ("Wausau") now moves, pursuant to Mass. R. Civ. P. 15(a) to amend its Complaint to add a claim (Count V) against Iaccarino & Son, Inc. ("Iaccarino") for reimbursement of defense costs that are allocable to claims for which no potential of coverage exists. As good grounds for its motion, Wausau states as follows:

1. Fed. R. Civ. P. 15(a) provides that: "leave [to amend] shall be freely given when justice so requires."

2. The Supreme Court has declared that the language in Rule 15(a) stating that leave to amend is to be freely given is a mandate to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3. As the *Foman* court noted: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

4. The First Circuit has suggested that allocation of defense costs between covered and non-covered claims is appropriate. *Liberty Mut. Ins. Co. v. Metropolitan Life Ins. Co.*, 260 F.3d 54, 63

(1st Cir. 2001). As the First Circuit stated:

> Massachusetts courts have not expressly decided which party bears the burden of allocating defense costs, but when allocation of defense costs is possible, the burden of allocation generally falls on the insurer. This is certainly the rule as to allocation of indemnity costs, . . . and this approach likely applies to defense costs, since the insurer should have been in the position to properly allocate both types of costs had it defended the lawsuit.

*Id.* Courts in other jurisdictions have also adopted a rule that permits allocation of defense costs between covered and non-covered claims. *See, e.g., Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 948 P.2d 909, 70 Cal. Rptr.2d 118 (1998); *Buss v. Superior Court*, 16 Cal.4th 35, 939 P.2d 766, 65 Cal. Rptr.2d 366 (1997); *SL Indus., Inc. v. American Motorists Ins. Co.*, 607 A.2d 1266 (N.J. 1992). *See also E.E.O.C. v. Southern Publ'g Co.*, 894 F.2d 785, 791 (5th Cir. 1990); *Ins. Co. of N. Am. v. Forty-Eight Insulations*, 633 F.2d 1212, 1224-1225 (6th Cir. 1980), *clarified*, 657 F.2d 814 (6th Cir. 1981), *cert denied*, 454 U.S. 1109 (1981), *reh'g denied*, 455 U.S. 1009 (1982).

    5. In accordance with this rule of allocation of defense costs, Wausau now seeks to amend its complaint to add a claim (Count V) against Iaccarino for reimbursement of defense costs Wausau has paid that are allocable to claims for which no potential of coverage exists.

    6. Iaccarino will not be prejudiced by the allowance of this motion and no good reason exists for not permitting the amendment.

    Wausau's Amended Complaint and Jury Demand is attached hereto as Exhibit A.

WHEREFORE, Wausau respectfully requests the Court grant its Motion and permit it to file its Amended Complaint and Jury Demand.

## REQUEST FOR ORAL ARGUMENT

    In accordance with Local Rule 7.1(D), Wausau respectfully requests a hearing on its Motion for Leave to File an Amended Complaint and Jury Demand.

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1.(A)(2), I, John F. Brosnan, certify that I have conferred with counsel for Iaccarino & Son, Inc. and have attempted in good faith to resolve or narrow the issue presented by this Motion without success.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**
By its attorneys,


\s\ John F. Brosnan
James E. Harvey, Jr./BBO #224920
James F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
Tel: 617-357-5544
Fax: 617-204-3477