UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127FDS

EMPLOYERS INSURANCE COMPANY )
OF WAUSAU )
    Plaintiff, )
v. )
 )
IACCARINO & SON, INC., R.W. GRANGER )
& SONS, INC., and KMD MECHANICAL )
CORPORATION )
    Defendants. )

## AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff Employers Insurance Company of Wausau ("Wausau") brings this action pursuant to the provisions of Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.*, against the defendants seeking a declaration of rights and obligations under a certain contract of insurance issued by Wausau to the defendant Iaccarino & Son, Inc. ("Iaccarino"). Wausau specifically seeks a declaration that: 1) it has no duty to defend and indemnify Iaccarino in the underlying civil action encaptioned *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01021; and 2) it has no duty to defend and indemnify Iaccarino in the underlying civil action encaptioned *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01659.

### THE PARTIES

2. Wausau is a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business in Wausau, Wisconsin. Wausau is an insurance company licensed to transact business and is transacting business in Massachusetts.

3. Iaccarino is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boylston, Massachusetts. Iaccarino is engaged in the construction industry as a millwork subcontractor.

4. R.W. Granger & Sons, Inc. ("Granger") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Shrewsbury, Massachusetts. Granger is engaged in the construction industry as a general contractor.

5. KMD Mechanical Corporation ("KMD") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business in Worcester, Massachusetts. KMD is engaged in the construction industry as a heating, ventilating and air conditioning subcontractor.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000.

7. Venue in this district under 28 U.S.C. § 1391(a) is proper as each of the defendants has its principal place of business in Worcester County, Massachusetts and because the events at issue in the underlying lawsuits occurred in this district.

## FACTS

**The Shrewsbury High School Project.**

8. On or about May 16, 2000, Granger and the Town of Shrewsbury entered into a general contract for the construction of the Shrewsbury High School (the "School Project"). Under the general contract, Granger agreed to substantially complete the School Project by June 15, 2002.

9. Iaccarino was the millwork subcontractor on the School Project. Iaccarino's work on the School Project consisted of the following:

     a.  Providing approximately 12 laminate sheets that were installed by Granger on the columns of the auditorium using Granger's contact cement;

     b. Preparing approximately 300 flat panels by attaching plastic laminate to particle board using a hot glue product, which Granger then installed onto the auditorium walls using "z" clips;

     c. Preparing approximately 12 three dimensional acoustical panels by gluing laminate onto boxes, which Granger then installed on the walls of the auditorium; and

     d.  Preparing approximately 20 cloud acoustical panels for the auditorium ceiling by gluing laminate to backing, which Granger then installed.

     10.  KMD was the heating, ventilating and air conditioning ("HVAC") subcontractor on the School Project.

**The Wausau CGL Policy.**

     11.  Wausau issued a Commercial General Liability Policy to Iaccarino having Policy No. TBC-Z91-425443-022 for the policy period from January 28, 2002 to January 28, 2003 (the "CGL Policy").

**The Backcharges Action.**

     12.  On or about May 23, 2003, Granger commenced the civil action encaptioned *R.W. Granger & Sons, Inc. v. Iaccarino & Sons, Inc., et al.*, Worcester Superior Court Civil Action No. WOCV2003-01021 (the "Backcharges Action").

     13.  On or about July 30, 2003, Granger filed its First Amended Complaint in the Backcharges Action.  In its First Amended Complaint, Granger alleges that the Town assessed backcharges of $183,054.27 against Granger for project delays resulting from the School Project.

     14.  Although Granger disputes the Town's allegations regarding the backcharges assessed by the Town, Granger sued various subcontractors on the School Project, including Iaccarino,

claiming that if the Town's allegations were true then those subcontractors breached their subcontracts. The only claim asserted against Iaccarino in the Backcharges Action is for breach of contract.

**Wausau's Disclaimer of Coverage for the Backcharges Action.**

15. On or about March 22, 2004, Wausau wrote to Iaccarino and advised it that the CGL Policy did not provide coverage for Iaccarino for the Backcharges Action. In its March 22, 2004 disclaimer letter, Wausau stated that the only damages alleged in the Backcharges Action were for economic loss which does not constitute "property damage." Wausau further advised Iaccarino that exclusions k. (damage to your product exclusion) and m. (damage to impaired property or property not physically injured exclusion) also applied to bar coverage for Iaccarino for the Backcharges Action.

**The Defective HVAC System Action.**

16. On or about August 22, 2003, Granger commenced the civil action encaptioned *R.W. Granger & Sons, Inc. v. KMD Mechanical Corp., et al.*, Worcester Superior Court Civil Action No. WOCV 2003-01659 (the "Defective HVAC System Action").

17. In its Complaint, Granger alleges that the HVAC system installed by KMD on the School Project did not function properly and that on or about December 4, 2002 the temperature in the School's auditorium rose to approximately 140 degrees Fahrenheit. Granger further alleges that this temperature spike resulted in damage to Iaccarino's work product itself – the millwork. In its Complaint, Granger asserts a claim for negligence and for breach of contract against Iaccarino. In its Complaint, Granger makes the following allegation:

> 14. As a result of Iaccarino's negligence and breach of subcontract, the millwork suffered damage on or about December 4, 2002, in that Iaccarino, among other things, provided and installed insufficient glue to withstand the conditions in the auditorium.

**Wausau's Reservation of Rights in the Defective HVAC System Action.**

18. On or about October 30, 2003, Wausau advised Iaccarino that it would defend it in the Defective HVAC System Action under a reservation of rights under the CGL policy.

19. In its reservation of rights letter, Wausau advised Iaccarino that it would withdraw from the defense if Wausau's investigation revealed that no "property damage" occurred or that exclusions k. (damage to your product exclusion) and l. (damage to your work exclusion) applied to bar coverage.

20. It is now apparent that there is no coverage for Iaccarino for the Defective HVAC Action under the CGL policy. Accordingly, Wausau now seeks a declaration that it has no obligation to defend or indemnify Iaccarino in the Defective HVAC Action.

21. The Worcester Superior Court has consolidated the Backcharges Action and the Defective HVAC System Action.

22. Wausau asserts that it has no obligation to defend or indemnify Iaccarino in either the Backcharges Action or the Defective HVAC System Action.

## COUNT I

**(Declaratory Judgment - No Duty to Defend - Backcharges Action)**

23. Wausau repeats and realleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Wausau has no duty to defend Iaccarino in the Backcharges Action.

25. Wausau is entitled to a declaration that it has no duty to defend Iaccarino in the Backcharges Action because:

a. The only damages being sought by Granger in the Backcharges Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. The Backcharges Action does not involve an "occurrence";

c. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage;

e. Exclusion m. (damage to impaired property or property not physically injured exclusion) bars coverage; and

f. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count I declaring that Wausau has no duty to defend Iaccarino in the Backcharges Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT II

### (Declaratory Judgment - No Duty to Indemnify - Backcharges Action)

26. Wausau repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Wausau has no duty to indemnify Iaccarino in the Backcharges Action.

28. Wausau is entitled to a declaration that it has no duty to indemnify Iaccarino in the Backcharges Action because:

a. The only damages being sought by Granger in the Backcharges Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. The Backcharges Action does not involve an "occurrence";

c. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage;

e. Exclusion m. (damage to impaired property or property not physically injured exclusion) bars coverage; and

f. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count II declaring that Wausau has no duty to indemnify Iaccarino in the Backcharges Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT III

**(Declaratory Judgment - No Duty to Defend - Defective HVAC System Action)**

29. Wausau repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Wausau has no duty to defend Iaccarino in the Defective HVAC System Action.

31. Wausau is entitled to a declaration that it has no duty to defend Iaccarino in the Defective HVAC System Action because:

a. The only damages being sought by Granger in the Defective HVAC System Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage; and

e. Coverage is barred by (or cannot be established due to) other conditions, exclusions,

endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count III declaring that Wausau has no duty to defend Iaccarino in the Defective HVAC System Action;

b. Wausau be awarded its costs in connection with this action; and

c. The Court award such other relief it deems just and appropriate.

## COUNT IV

**(Declaratory Judgment - No Duty to Indemnify - Defective HVAC System Action)**

32. Wausau repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Wausau has no duty to indemnify Iaccarino in the Defective HVAC System Action.

34. Wausau is entitled to a declaration that it has no duty to indemnify Iaccarino in the Defective HVAC System Action because:

a. The only damages being sought by Granger in the Defective HVAC System Action are for economic loss, which does not constitute "property damage" and which is not covered by the CGL Policy;

b. Exclusion k. (damage to your product exclusion) bars coverage;

d. Exclusion l. (damage to your work exclusion) bars coverage; and

e. Coverage is barred by (or cannot be established due to) other conditions, exclusions, endorsements, provisions and terms of the CGL Policy.

WHEREFORE, Wausau respectfully requests that:

a. Judgment be entered in favor of Wausau and against the defendants on Count IV declaring that Wausau has no duty to indemnify Iaccarino in the Defective HVAC System Action;

b.  Wausau be awarded its costs in connection with this action; and

c.  The Court award such other relief it deems just and appropriate.

## COUNT V
### (Restitution/Reimbursement)

35.  Wausau repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.  Wausau has paid certain defense costs Iaccarino has incurred with respect to the underlying litigation.

37.  Wausau seeks reimbursement of all defense costs it has paid on behalf of Iaccarino that are allocable to claims for which no potential of coverage exists.

38.  Iaccarino has been unjustly enriched by the payment of defense costs for which no potential of coverage exists to Wausau's detriment.

WHEREFORE, Wausau respectfully requests that:

a.  Judgment be entered in favor of Wausau and against Iaccarino on Count V and that Wausau be awarded its damages in an amount to be determined at trial;

b.  Wausau be awarded its costs in connection with this action; and

c.  The Court award such other relief it deems just and appropriate.

## JURY DEMAND

Wausau hereby demands a trial by jury on all issues so triable.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**

By its attorneys,


s/ John F. Brosnan
James E. Harvey, Jr./BBO #224920
James F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
Tel: 617-357-5544
Fax: 617-204-3477