UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | ) ) ) | CIVIL ACTION NO. 04-40127-FDS |
| Plaintiff | ) ) | |
| v. | ) ) | |
| IACCARINO & SON, INC., R.W. GRANGER & SONS, INC., and KMD MECHANICAL CORPORATION, | ) ) ) ) ) | |
| Defendants | ) ) | |

**IACCARINO & SON, INC.'S OPPOSITION TO
MOTION FOR LEAVE TO AMEND COMPLAINT**

This is a declaratory judgment action initiated by Employers Insurance Company of Wausau ("Wausau") seeking declarations that it has no duty to defend and no duty to indemnify its insured, Iaccarino & Sons, Inc. ("Iaccarino"), under a Commercial General Liability Policy (the "Policy") in connection with two actions brought against Iaccarino by R.W. Granger & Sons, Inc. ("Granger") in the Massachusetts Superior Court Department arising out Iaccarino's alleged negligence and its purported breach of its obligations under a subcontract with Granger for the construction of the Shrewsbury High School (the "Project"). Wausau now seeks leave of Court to amend its complaint to add a count for "Restitution/Reimbursement" (Count V) seeking reimbursement from Iaccarino of any defense costs incurred by Wausau which are not allocable to covered claims (the "Proposed Amendment"). Iaccarino opposes Wausau's motion for leave to amend and requests that the Court deny the same. As grounds for its opposition, Iaccarino states as follows:

1. Although leave to amend under Fed. R. Civ. P. 15(a) is to be "freely given where justice so requires," leave may be denied where the proposed amendment "would be futile, or reward, *inter alia*, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)(emphasis added). See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

2. The duty to defend under commercial general liability policies has been referred to by the Supreme Judicial Court as "litigation insurance" and is part of "the consideration received by the insured for payment of the policy premium." Rubenstein v. Royal Ins. Co. of Am., 429 Mass. 355, 358 (1999). The duty to defend is separate from and broader than the duty to indemnify. See, e.g., Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 10 (1989); Sterilite Corp. v. Continental Cas. Co., 17 Mass. App. Ct. 316, 318 n.4 (1983), *review denied*, 391 Mass. 1102 (1984).

3. Contrary to Wausau's assertions, it is long-settled law in Massachusetts that if an insurer has a duty to defend one count of a complaint, it has a duty to defend them all, even if some fall outside the policy's coverages. See Simplex Technologies, Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 199 (1999)("'[I]t is well settled in this jurisdiction that a liability insurer owes a broad duty to defend against all claims that create a *potential* for indemnity.' That some, or even many, of the underlying claims may fall outside the coverage does not excuse [the insurer] from its duty to defend" (emphasis in original)); Merrimack Mutual Fire Ins. Co. v. Nonaka, 414 Mass. 187, 191 (1993); Aetna Cas. & Sur. Co. v. Continental Cas. Co., 413 Mass. 730, 732 n.1 (1992); Vappi & Co., Inc. v. Aetna Cas. & Sur. Co., 348 Mass. 427, 430 n.3 (1965); Palermo v. Fireman's Fund Ins. Co., 42 Mass. App. Ct. 283, 289-90 (1997).

4. Indeed, the reimbursement theory advanced by Wausau was implicitly rejected by the Supreme Judicial Court of Massachusetts nearly forty years ago. See Vappi & Co., Inc. v. Aetna Cas. & Sur. Co., 348 Mass. 427, 430 n.3 (1965)("[The insurer] also suggests, without supporting authority, that [the insured] 'is not ... to be reimbursed for counsel ... fees [and expenses] necessarily incurred by [the insured] to protect itself against claims not within coverage B. Under Rule 13, this contention is advanced too vaguely to require our consideration. Relevant decisions indicate, however, that until [the insurer] during the defense of [its insured] narrowed the claims to those seeking 'a recovery that the policy did not cover,' '[the insurer] was not relieved from its obligation to defend.'" (citations omitted))[1]

5. As such, there is no support in Massachusetts law for an insurer seeking reimbursement of defense costs allocable to defending uncovered claims as Wausau seeks the proposed amendment. Indeed, such a claim flies in the face of long-settled Massachusetts law. See, e.g., Simplex Technologies, Inc.; Vappi & Co., Inc., *supra*.

6. A District Court sitting in diversity is "absolutely bound by a current interpretation of that law formulated by the state's highest tribunal." Daigle v. Main Med. Ctr. Inc., 14 F.3d 684, 689 (1st Cir. 1994). As such, if Wausau intended to seek a

---

[1] All of Wausau's purported authority for its reimbursement theory is from out of jurisdiction except for Liberty Mutual Ins. Co. v. Metropolitan Life Ins. Co., 260 F.3d 54, 63 (1st Cir. 2001). In that case, however, the First Circuit affirmed the District Court's entry of judgment in favor of the insurer on other grounds. Specifically, the First Circuit held that there was no coverage for the claims asserted against the insured under the commercial general liability and umbrella excess policies and that even if there had been coverage, an Insurance and Other Related Operations exclusion contained in those policies would obviate coverage. Id. at 67. As such, the First Circuit's brief discussion of the allocation of defense costs is mere dicta in that case. Moreover, nowhere in that decision does the First Circuit state that defense costs are, in fact, properly allocable between covered and uncovered claims under Massachusetts law or that an insurer may seek reimbursement of defense costs which are not allocable to covered claims. Indeed, the First Circuit unambiguously and correctly noted that "[i]n *Massachusetts, as elsewhere, an insurer must defend the entire lawsuit if it has a duty to defend any of the underlying counts in the complaint.* Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 19 (1st Cir.1997) (citing Aetna Cas. & Sur. Co. v. Cont'l Cas. Co., 604 N.E.2d 30, 32 n.1 (Mass. 1992))."

substantive change in Massachusetts law, this was not the forum in which to seek to do so.

7.  Moreover, Wausau implicitly concedes that it has no contractual basis in the Policy for seeking reimbursement of defense costs incurred by it in discharging its duty to defend, and rather seeks recovery in restitution.

8.  Under Massachusetts law, a person who has been unjustly enriched at the expense of another is required to make restitution to the other. The underlying basis for this is unjust enrichment of one party and unjust detriment to the other party. See Salamon v. Terra, 394 Mass. 857, 859 (1985); A.J. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793-94 (1986).

9.  In order to recover in restitution, there cannot be an enforceable express contract, but rather an implied or quasi-contract. See Szalla v. Locke, 421 Mass. 448, 453 n.2 (1995); Salamon, *supra*. Assuming *arguendo* that restitution was available even where an express contract existed between the parties on the subject matter, in order to state an implied contract claim under Massachusetts law, the plaintiff must demonstrate: (1) a reasonable benefit conferred on the defendant; (2) a reasonable person in the defendant's position would have expected to pay for the benefit; and (3) the plaintiff furnished benefits with the reasonable expectation of securing compensation from the defendant. See Mass. Cash Register, Inc. v. Comtrex Systems Corp., 901 F.Supp. 404, 423 (D. Mass. 1995).

10.  Wausau cannot make such a showing as a matter of law. Given the state of Massachusetts law on an insurer's duty to defend all counts of a Complaint where any count is covered and the absence of any provision in the Policy requiring the insured to

reimburse the insurer for any defense costs allocable to defending against uncovered claims in a case in which both covered and uncovered claims are asserted, no reasonable person in Iaccarino's position would expect to have to reimburse Wausau.

11.   Thus, the Proposed Amendment fails to state a claim upon which relief can be granted and the amendment would be futile.

WHEREFORE, Iaccarino respectfully requests that the Court deny the Motion to Amend and grant such other relief as it deems just and appropriate.

IACCARINO & SON, INC.
By its attorneys,


/s/ James P. Hoban
Thomas J. Conte (BBO #566092)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date:   January 24, 2005