UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127FDS

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU<br>    Plaintiff,<br>v.<br><br>IACCARINO & SON, INC., R.W. GRANGER & SONS, INC., and KMD MECHANICAL CORPORATION<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY IN CONNECTION WITH ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Employers Insurance Company of Wausau ("Wausau") files this Reply to respond to certain misstatements of law contained in the Defendant Iaccarino & Son, Inc.'s ("Iaccarino") Opposition to Motion for Leave to File Amended Complaint.

Wausau has sought to leave to amend its Complaint to add a claim (proposed Count V) against Iaccarino for reimbursement of defense costs that are allocable to claims for which no potential of coverage exists. Iaccarino has opposed Wausau's Motion on the grounds that it is futile. Iaccarino is mistaken. Under well-established precedent, Wausau has a viable claim for reimbursement of defense costs for noncovered claims.

Allocation of defense costs between covered and noncovered claims is the majority rule and is the rule in Massachusetts. *See, e.g., Liberty Mut. Ins. Co. v. Metropolitan Ins. Co.,* 260 F.3d 54, 63 (1st Cir. 2001) ("[a]nd the general rule under Massachusetts law is that if the insurer fails to defend the lawsuit, it is liable for all defense costs and (assuming policy coverage) the entire resulting judgment or settlement, **unless liability can be allocated among covered and uncovered**

**claims**")[1]; *Buss v. Superior Court*, 16 Cal.4th 35, 50, 939 P.2d 766, 65 Cal. Rptr.2d 366 (1997) ("**[a]s to claims that are not even potentially covered, however, the insurer may indeed seek reimbursement for defense costs.** Apparently, all the decisional law considering such claims in and of themselves so assumes"); *SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188, 214-215, 607 A.2d 1266 (1992) ("**[t]he general rule is that when the insurer has wrongfully refused to defend an action and is then required to reimburse the insured for its defense costs, its duty to reimburse is limited to allegations covered under the policy**, provided the defense costs can be apportioned between covered and non-covered claims").[2] The First Circuit indicated that this allocation rule applies even where the insurer has not defended the underlying lawsuit. *Liberty Mut. Ins. Co.*, 260 F.3d at 63.

As the Supreme Court of California noted in *Buss*, under an insurance policy, "the insurer does not have a duty to defend the insured as to claims that are not even potentially covered." *Buss*, 16 Cal.4th at 51. With regard to defense costs for claims that are not even potentially covered, the insurer has not been paid premiums by the insured and it did not bargain to bear those costs. *Id.* To attempt to shift the defense costs for noncovered claims to the insured "would not upset the arrangement" between the insurer and the insured. *Id.* The insurer has a right of reimbursement

---

[1] In its Opposition, Iaccarino incorrectly states that "nowhere in [the *Liberty Mut. Ins. Co.*] decision does the First Circuit state that defense costs are, in fact, properly allocable between covered and uncovered claims under Massachusetts law." Opposition at p. 3 n.1. However, as evidenced from the quoted language above, the First Circuit plainly stated that defense and indemnity costs are properly allocable between covered and noncovered claims under Massachusetts law even where the insurer has not defended a lawsuit. In fact that statement by the First Circuit immediately follows the language Iaccarino has quoted in boldface type in its Opposition.

[2] The case of *Vappi & Co., Inc. v. Aetna Cas. & Sur. Co.*, 348 Mass. 427 (1965), cited by Iaccarino, is not controlling. In that case, the court in a dictum merely noted that the insurer failed to provide any supporting authority for its request for reimbursement of counsel fees. Accordingly, the court found that the insurer's "contention [was] advanced too vaguely to require our consideration." *Id.* at 430 n. 3. Furthermore, as noted above, the majority rule and the rule set forth by the First Circuit in *Liberty Mut. Ins. Co.* permit the allocation of defense costs between covered and noncovered claims.

from its insured "that is implied in law as quasi-contractual, whether or not it has one that is implied in fact in the policy as contractual." *Id.* Such right of reimbursement is premised upon a theory of unjust enrichment. *Id.* As the *Buss* court reasoned:

> As stated, under the law of restitution such a right runs against the person who benefits from "unjust enrichment" and in favor of the person who suffers loss thereby. The "enrichment" of the insured by the insurer through the insurer's bearing of unbargained-for defense costs is inconsistent with the insurer's freedom under the policy and must be deemed "unjust." It is like the case of *A* and *B*. *A* has a contractual duty to pay *B* $50. He has only a $100 bill. He may be held to have a prophylactic duty to tender the note. But he surely has a right, implied in law if not in fact, to get back $50. Even if the policy's language were unclear, the hypothetical insured could not have an objectively reasonable expectation that it was entitled to what would in fact be a windfall. . . . Whatever hopes such an insured may have had based upon decisional law's imposition on the insurer of a duty to defend the entire "mixed" action would have been dispelled by that same law's assumption that the insurer may seek reimbursement for the kind of costs identified above. . . .
>
> Not only is it good law that the insurer may seek reimbursement for defense costs as to the claims that are not even potentially covered, but it also makes good sense. Without a right of reimbursement, an insurer might be tempted to refuse to defend an action in any part -- especially an action with many claims that are not even potentially covered and only a few that are -- lest the insurer give, and the insured get, more than they agreed. With such a right, the insurer would not be so tempted, knowing that if defense of the claims not even potentially covered should necessitate any additional costs, it would be able to seek reimbursement.

*Id.* at 51-53 (citations omitted).[3]

---

[3] In *Buss*, the court recognized that as to a mixed action involving both covered and noncovered claims an insurer does not have a **contractual** duty to defend the entire claim. *Id.* at 47-48; *Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 60, 948 P.2d 909, 70 Cal. Rptr.2d 118 (1998). Nevertheless the *Buss* court found that the insurer had a **prophylactic** duty to defend the entire mixed action. *Id.* at 48-49; *Aerojet-General Corp.*, 17 Cal.4th at 60. Accordingly, the cases Iaccarino relies upon, such as *Aetna Cas. & Sur. Co. v. Continental Cas. Co.*, 413 Mass. 730, 732 n.1 (1992) (suggesting, but not deciding, that an insurer who has a duty to defend one count of a complaint has a duty to defend all counts), provide no assistance on the issue of allocation. As the *Buss* court concluded the duty to defend the entire action is merely **prophylactic** and is subject to the insurer's right to seek reimbursement for defense costs allocable to noncovered claims for which it does not have a contractual duty to defend.

None of the case law cited by Iaccarino specifically addresses the issue of allocation of defense costs and therefore is not controlling. The Supreme Judicial Court has held that an insurer which has failed to defend may allocate indemnity costs (i.e., the judgment in the underlying lawsuit) between covered and noncovered claims. *Liquor Liability Joint Underwriting Ass'n v. Hermitage Ins. Co.*, 419 Mass. 316, 323-324 (1995). Under that scenario, the insurer has the burden of proof of allocating the indemnity costs between covered and noncovered claims. *Id. See also Palermo v. Fireman's Fund Ins. Co.,* 42 Mass. App. Ct. 283, 290 (1997) (finding that insurer bears the "burden of proof with respect to apportionment of a judgment between claims that were covered by the policy and claims that were not"). The First Circuit in *Liberty Mut. Ins. Co.* opined that the same allocation rule and rule regarding the burden of proof would likely apply to the apportionment of defense costs. *Liberty Mut. Ins. Co.*, 260 F.3d at 63.

Here, Wausau seeks to amend its complaint to add a claim for reimbursement from Iaccarino for defense costs allocable to claims for which no potential of coverage exists. Under the established majority rule and Massachusetts rule as set forth by the First Circuit in *Liberty Mut. Ins. Co.*, Wausau should be permitted to do so. Depriving Wausau of the opportunity to assert this claim would result in an unjustified windfall for Iaccarino.

WHEREFORE, Wausau respectfully requests that the Court grant its motion and permit it to file its Amended Complaint.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**
By its attorneys,


\s\ John F. Brosnan
James E. Harvey, Jr./BBO #224920
James F. Brosnan/BBO #556678
O'MALLEY and HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
Tel: 617-357-5544
Fax: 617-204-3477