UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMPLOYERS INSURANCE              )        CIVIL ACTION NO. 04-40127-FDS
COMPANY OF WAUSAU,               )
                                 )
            Plaintiff            )
v.                               )
                                 )
IACCARINO & SON, INC.,           )
R.W. GRANGER & SONS, INC.,       )
and KMD MECHANICAL               )
CORPORATION,                     )
                                 )
            Defendants           )

## IACCARINO & SON, INC.'S SURREPLY MEMORANDUM CONCERNING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

By this memorandum, Defendant Iaccarino & Son, Inc. ("Iaccarino") responds briefly to certain assertions raised by Employers Insurance Company of Wausau in its Reply Memorandum filed on February 1, 2005, to assist the Court in ruling on the pending motion.

Contrary to Wausau's assertions, Liberty Mut. Ins. Co. v. Metropolitan Ins. Co., 260 F.3d 54, 63 (1st Cir. 2001) is not a pronouncement of Massachusetts law on the propriety of allocation of defense costs between covered and uncovered claims and, in fact, the discussion that Wausau relies on for this assertion is mere dicta, as this Court has previously recognized. See Dash v. Chicago Ins. Co., 2004 W.L. 1932760*8 n. 16 (D.Mass. 2004)("[T]he court's observation about the burden of defense cost allocation is dicta. Moreover, the court did not provide any basis for the underlying premise that defense cost allocation is appropriate in the first instance … it is not binding precedent for the position in the courts of Massachusetts or otherwise.") As of this date, Iaccarino

is unaware of any Massachusetts appellate court ruling on this precise issue. However, prior Massachusetts precedent would suggest that this rule will be rejected when presented. See, e.g., Simplex Technologies, Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 199 (1999); Merrimack Mutual Fire Ins. Co. v. Nonaka, 414 Mass. 187, 191 (1993); Aetna Cas. & Sur. Co. v. Continental Cas. Co., 413 Mass. 730, 732 n.1 (1992); Vappi & Co., Inc. v. Aetna Cas. & Sur. Co., 348 Mass. 427, 430 n.3 (1965); Palermo v. Fireman's Fund Ins. Co., 42 Mass. App. Ct. 283, 289-90 (1997).

Moreover, notwithstanding Wausau's assertions to the contrary, it is not at all clear that allowing allocation of defense costs between covered and noncovered claims is the majority rule. If it is, in fact, the majority position, there is certainly a significant minority which has expressly or implicitly rejected allocation of defense costs between covered and noncovered claims. See, e.g., Bedoya v. Illinois Founders Ins. Co., 293 Ill. App. 3d 668, 674-76 (1997)(expressly rejecting insurer's position that defense costs should be allocated between covered and noncovered claims); Jostens, Inc. v. CNA Ins. Continental Cas. Co., 403 N.W.2d 625, 631 (Minn. 1987)(expressly rejecting allocation of defense costs between covered and noncovered claims); Timberline Equip. v. St. Paul Fire and Marine Ins. Co., 281 Or. 639, 645 (1978)(expressly rejecting allocation of defense costs between covered and noncovered claims); Stevens v. Horne, 325 So.2d 459, 461(Fla.App. 4 Dist. 1975) (insurer must defend entire suit); Shoshone First Bank v. Pacific Employers Ins. Co., 2 P.3d 510 (Wy. 2000)(expressly rejecting allocation of defense costs between covered and noncovered claims in absence of express policy provision); Riley Stoker Corp. v. Fidelity and Guar. Ins. Underwriters, Inc., 26 F.3d 581, 589 (5th Cir. 1994)(applying Louisiana law)(expressly rejecting allocation in reliance on

<u>Yount v. Maisano</u>, 627 S.2d 148, 153 (La. 1993).); <u>Home Ins. Co. v. Pinski Bros., Inc.</u>, 160 Mont. 219, 227 (1972)(insurer must defend entire suit); <u>Prince v. Universal Underwriters Ins. Co.</u>, 143 N.W.2d 708, 715-17 (N.D. 1966)(insurer responsible for entire cost of defense).

WHEREFORE, Iaccarino requests that the Court deny Wausau's Motion for Leave to File Amended Complaint and grant such other relief as the Court deems just and appropriate.

IACCARINO & SON, INC.
By its attorneys,


/s/ James P. Hoban
Thomas J. Conte (BBO#566092)
James P. Hoban (BBO#633929)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel.: (508) 791-3511

Date:   February 22, 2005