UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40127-FDS

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU Plaintiff v. IACCARINO & SON, INC., R.W. GRANGER & SONS, INC. AND KMD MECHANICAL CORPORATION Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ANSWER OF DEFENDANT IACCARINO & SON, INC. TO AMENDED COMPLAINT AND JURY DEMAND

The Defendant Iaccarino & Son, Inc. hereby responds to the Plaintiff's Amended Complaint as follows:

1. Defendant is without sufficient information to either admit or deny the allegations in paragraph 1 and therefore they are denied.

2. Defendant is without sufficient information to either admit or deny the allegations in paragraph 2 and therefore they are denied.

3. Defendant admits the allegations in paragraph 3.

4. Defendant is without sufficient information to either admit or deny the allegations in paragraph 4 and therefore they are denied.

5. Defendant is without sufficient information to either admit or deny the allegations in paragraph 5 and therefore they are denied.

6. Defendant is without sufficient information to either admit or deny the allegations in paragraph 6 and therefore they are denied.

7. Defendant is without sufficient information to either admit or deny the allegations in paragraph 7 and therefore they are denied.

8. Defendant is without sufficient information to either admit or deny the allegations in paragraph 8 and therefore they are denied.

9. Defendant admits that it was the millwork subcontractor for the Shrewsbury High School project and denies all the remaining allegations in paragraph 9.

10. Defendant is without sufficient information to either admit or deny the allegations in paragraph 10 and therefore they are denied.

11. The insurance policy speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the allegations in paragraph 11.

12. Defendant admits that R.W. Granger filed a lawsuit in Worcester Superior Court on May 23, 2003, Civil Action No. 2003-01021, which speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 12.

13. Defendant admits that R.W. Granger filed a First Amended Complaint on June 30, 2003, which speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 13.

14. The lawsuit speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies the allegations in paragraph 14.

15. The letter speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies the allegations in paragraph 15.

16. Defendant admits that R.W. Granger filed a lawsuit in Worcester Superior Court on August 22, 2003, Civil Action No. 2003-01659, which speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 16.

17. The complaint speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 17.

18. Defendant admits that it received a letter from Plaintiff dated October 30, 2003, which speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 18.

19. Defendant admits that it received a letter from Plaintiff dated October 30, 2003, which speaks for itself and Defendant denies Plaintiff's characterization thereof; to the extent a further response is required, Defendant denies all the remaining allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant is without sufficient information to either admit or deny the allegations in paragraph 22 and therefore they are denied.

## COUNT I

23. Defendant repeats and realleges its responses to paragraphs 1 through 22 as if fully set forth herein.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

## COUNT II

26. Defendant repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

## COUNT III

29. Defendant repeats and realleges its responses to paragraphs 1 through 28 as if fully set forth herein.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## COUNT IV

32. Defendant repeats and realleges its responses to paragraphs 1 through 31 as if fully set forth herein.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

## COUNT V

35. Defendant repeats and realleges its responses to paragraphs 1 through 34 as if fully set forth herein.

36. Defendant is without sufficient information to either admit or deny the allegations in paragraph 36 and therefore they are denied.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped, in whole or in part, from maintaining the claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, its right to maintain the claims set forth in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, frauds, and/or repose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in the underlying action, R.W. Granger & Sons, Inc. has alleged that Defendant Iaccarino & Son, Inc. caused property damage, covered by the insurance policy at issue.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the terms of its contract and, therefore, is precluded from recovering on any of the claims asserted in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as there is no actual, justiciable controversy between the parties.

WHEREFORE, Defendant Iaccarino & Son, Inc. respectfully requests that this action be dismissed and that this Court award Defendant its costs and expenses, including attorneys' fees, and that this Court grant such other relief as it deems appropriate and just.

### JURY CLAIM

Defendant hereby demands a trial by jury on all issues so triable.

IACCARINO & SON, INC.
By its attorney,

_____
Thomas J. Conte, Esquire (BBO #566092)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: July 12, 2005

### CERTIFICATE OF SERVICE

I, James P. Hoban, hereby certify that I have on this 12th day of July 2005 served the foregoing by mailing copies thereof, postage prepaid, to the following:

John F. Brosnan, Esquire
O'Malley & Harvey, LLP
Two Oliver Street, 9th Floor
Boston, MA 02109-4908

John W. DiNicola, II, Esquire
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Emanuel N. Bardanis, Esquire
Corwin & Corwin, LLP
1 Washington Mall
Boston, MA 02108

_____
James P. Hoban